IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FRANKLIN FEJERAN DRAKE,  )
           Plaintiff,  )    CIVIL CASE NO.:
                 )
                 )
      VS.           )
                 )
                 )
UNITED STATES OF AMERICA,  )
           Defendant,  )
_____)

FILED
SCRANTON

JUN 1 6 2020

Per_____
          DEPUTY CLERK

---

## CIVIL ACTION PURSUANT TO FEDERAL TORT CLAIMS ACT

---

### VERIFIED COMPLAINT FOR DAMAGES

    I, Joseph F.F. Drake, plaintiff, currently residing at United States Penitentiary (USP) TUCSON, P.O.BOX 24550, TUCSON,AZ. 85734...Plaintiff is acting in pro se capacity and request before this Honorable Court, that this civil claim be contrued liberally under, HAINES V. KERNER, 404 US 519 (1972) also; DOOLITTLE V. HOLMES, 306 Fed Appx. 133 (2009)...

### INTRODUCTION

1.    In general, a (Civil) Tort is a remedy for a wrong or injury that is committed against someone for which the law provides a remedy...Tort are civil not criminal, in nature and the purpose of a civil lawsuit is to compensate someone for wrongful injuries or damages that they received, where the main purpose is to punish the wrongdoer...

2.    The plaintiff is submitting this tort claim regarding (Physical, mental, And Emotional Distress) personal injuries---Plaintiff A Victim Of An Assault---caused and by the United States(U.S.) for the negligence or wrongful acts of its employees of the U.S. Government(GOV), (U.S.DOJ/FBOP) while acting within the scope of his or her office or employment...

3.   This is a civil action being filed in compliance with Federal Tort Claim Act(FTCA) 28 USC §§ 2676-79...Before this act was federally created agencies could be sued for its tort if congress had given power to sue and be sued...

4.   The FTCA is a statute that was passed by the (U.S.) congress...It allows certain claims to be brought against the (U.S.) for the negligence or wrongful acts of its employees... Under the FTCA, however;

( "Authority of any federal agency to sue or be sued in its own
name shall be constued to authorized suit against such federal
agency on claim which are cognizable under 28 USC § 1346(b)" )

5.   TAKE JUDICIAL NOTICE: The U.S. is liable under the FTCA for harm caused/done to the plaintiff by U.S. GOV. (Federal Employees) acting within the scope of his or her office or employment...28 USC § 2676-79(b)(1)...Because the FBOP makes the U.S. liable only when (Federal Employees) is acting within the scope of his or her employment, it is important to find out the person(s) who caused the damages or personal injuries is a (FederalEmployees) for the U.S. GOV. under the FTCA...

6.   Federal employee, are defined as "Officers Or Employees Of Any Federal Agency" of the U.S. GOV. while engaged in training or duty, and person acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the U.S. wherther with or without compensation...

7.   Plaintiff, herein, may bring a complaint under FTCA when an investigation or law enforcement officer committs the Tort (Wrong) against a (Person) plaintiff...Federal Correctional Officer(FCO) are law enforcement officers because of the duties assigned to them by statute...18 USC § 3050...

8.   Recently the U.S. Supreme Court pointedly remarked that (Federal) BOP correctional Officer(CO) " Qualify As Investigative or Law Enforcement Officers " within the meaning of the FTCA...See, Millbrook v. United States, 133 S.Ct. 1441,1445 n,3...18 USC 3050, to show that tha conduct of federal (CO) is covered by the FTCA's law enforcement priviso and thus can give rise to a cause of action...The 2013, "Miibrook", ruling hopfully clarafied the scope of the law enforement enforcement proviso...The proviso extends to officers acts or ommission that arise within the scope of their employment under the U.S. Government...

Under the FTCA, sovereign immunity is waived for personal injury caused by the negligence wrongful act or omission of any employee of the GOV., and the U.S. is liable under the FTCA for harm to (Plaintiff) herein by a federal employee while acting within the scope of his or her employment...28 USC § 2679(b)(1)...Because the FTCA makes the U.S. liable only when the federal employee is acting within the scope of his or her employment, employed by the U.S. Government...

9.    Plaintiff, seeks a monetary compesation amount for his injuries and damages in the amount summs of $5,000,000.00...

10.    The FTCA are exclusive remedy for claims that are recognizable under 28 USC§ 1346(b), which grants the federal District Court jurisdiction over tort claims against the U.S...

## JURISDICTION

11.    Jurisdiction of this Honorable Court is invoked pursuant to 28 USC §§ 1346(b) & 2671-80, in that this is a civil action brining claim "Against The U.S." for money damages, occurring on and after April 11 or 12, 2018, for personal injury caused by the negligence or wrongful act or ommission of any employee of the U.S. (GOV.) while while acting within the scope of his or her office or employment...

12.    Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S. §§ 1462(b) in that civil action on this tort claim against the U.S. is brought forward in the judicial District Court For The Middle District Of Pennsylvania, the judicial District where the plaintiff resided when the act or ommission(Personal Injury) complained occurred...

## PROCEDURAL HISTORY

13.    On 4/11/18 through 4/16/18, the plaintiff herein is a victim of an assault, which plaintiff received personal injuries from an altercation with several inmates, while incarcerated/being housed in B2-Unit at USP Canaan, state of Pennsylvania, as a direct result of bureau officials/employees of said institution gross negligence, upon not taking plaintiff and I/m (Kealoha) urgent/emergency request seriously and not acting upon said matter of importance as to plaintiff and I/m (Kealoha) safety and well being...Bureau employees of said institution have a obligation/fidicial duty to keep I/m safe and free from harm/and dangers injuries as in this case plaintiff is a victim of an assault caused by bureau employees gross negligence...

14.   Plaintiff, filed an administrative remedy Tort Claim on February 25, 2019, before (FBOP) Northeast Regional Office...

15.   Plaintiff, administrative Tort Claim was denied on 2/13/2020   and plaintiff is dissatisfied with the disposition/decision made by (FBOP) Northeast Regional Office, and plaintiff proceeds to file a Civil (Tort) Complaint against the U.S. for damages and personal injuries compensation, for its employees (U.S./GOV.) gross negligence and breach of duties upon the scope of his or her employment by the U.S. Government... SEE, Exhibit C, D.

## EXHAUSTION OF AVAILABLE REMEDIES

16.   Pursuant to title 28 USC § 2401(b), the plaintiff files his claim with the Regional Office of the (FBOP) bureau in the Region (Northeast) in which the claim originated, within two years the claim occurred; the date of accrument was 4/11/19 or 4/12/19...

17.   Furthermore, as governed by title 28 USC § 2401(b), the plaintiff properly exhausted administrtive remedies and then bring this lawsuit within the six-months allowed from the final denial...(42 USC § 1997e(a)). SEE, EXHIBIT D, C, B.

## STATEMENT OF FACTS

18.   The plaintiff listed above is currently residing at USP Tucson, P.O. BOX 24550 Tucson, AZ. 85734...The plaintiff has individually filed(i.e. exhausted adminastrative remedy with FBOP/U.S.DOJ, standard 95 as required under FTCA...) SEE, Exhibit I, A, B.

19.   The defendant, United States is being sued directly for negligence, negligence per se, wrongful acts or ommision of any employee of the government while acting within the scope of his or her office or employment...(Federal Bureau Of Prisons, 320 First Street, N.W. Washington, D.C. 20530...)

20.   On 4/11/18 or 4/12/18, at about 12:00pm, at(USP Canaan) Food, Service Dept.(FSD) during mainline (Lunch), plaintiff and Inmate(I/m) (Fordrick Kealoha#91693-022), we both approached (Lt.Mr.Collis-S.I.S.) standing mainline and I/m (Kealoha) brought an issue to his attention of an importance of emergency situation---a rerqwuest---regarding a unit transfer/or move from (USP Canaan-B1-Unit-Cell#117 to B2-Unit-Cell#126) and I/m (Kealoha) explained the (Emergency) issue that said I/m was having cell problems---a cell to live in---due too said institution I/m's prison politics regarding cell situations, NOTE: PLACING ILM's of different RACE to live in SAME cell InterRACIAL MIX CREATES A PROblem.

4.

and request (CO)-Lt.Collis assistance of emergency transfer/move to said above unit/cell which cell-B2-Unit#127,is assigned to plaintiff-(Joseph F.F. Drake#00886-093), which cell has an available open top bunkbed and that plaintiff accepts/agreees for I/m (Kealoha) to move in the cell with plaintiff to resolve any an all I/m's prison politics,regarding cell situations, and that I/m-(Kealoha) and plaintiff are compatable to house and live together because they are both (Homeboys) from the island-(Hawaii and Guam), and also I/m-(Kealoha) and plaintiff herein also stressed the matter issue to (Lt.Mr. Collis) attention that said issue/matter is of importance an of emergency and of priority so that said issue/matter (I/m's Prison Politics) dose not become a serious potentual/ danger to the institution security as to where (I/m's and staff's) getting hurt/injured, and both I/m's (Kealoha and Plaintiff) handed (Lt.Collis-SIS) two cop-outs(I/m request to staff)-(One from I/m Kealoha and plaintiff) regarding said subject matter, which said cop-outs where addressed/made out to institutional staffs-(Ms. Brandt-S.I.S. and Mr. Graeber-S.I.S.) and requested (Lt.Mr.Collis) if he could make sure that said cop-outs get to said staffs (S.I.S.) said above and(Lt.Collis) stated that he will make sure that (Ms.Brandt and Graeber-S.I.S.) get your cop-outs and he also stated that he would look into our said issue/matter...See, Exhibits E , F ..Note: DATE of incident in this case there was only two(2) PACific IslaNdER Ethnic RACE on the institution Compound POPULAtion.

21.    On 4/11/18 or 4/12/18, after lunch mainline, plaintiff went back to his Unit-B2, plaintiff saw the unit counselor-(Mr.Durkins) and approached him and spoke with him and brought to his attention regarding the I/m's prison politics regarding cells situation and requested his assistance upon moving my (Homeboy) I/m (Kealoh) from B1-Unit to B2-Unit-cell#127, plaintiff assigned cell, to avoid all problems regarding I/m prison politics and (Mr.Durkins) counselor stated that he could not assist plaintiff and I/m (Kealoha)...About an hour later I saw (Mr.Fisher-Case manager-B1-Unit), and approached him seeking his assistance upon an important/emergency matter and explained the issue and requested if he could move, I/m (Kealoha) from (B1-Unit-Cell#117 to B2-Unit-Cell# 126) (Mr.Fisher) also stated that he could not  assist me or I/m (Kealoha) and I stressed the urgency assistance I/m (Move) before an issue said matter at hand turns into a serious matter and I/m or staffs get hurt/or injured, and no avail from either (FBOP) (CO's)... See, Exhibit F1 , F2 ...

22.    On 4/13/18 at about 8:00pm., while comming in from out door recreation(REC) the the institution compound (CO's) and (Ms.Brandt-S.I.S.) was standing at the out-door(REC) door gate which, petitioner and I/m (Kealoha) approached (Ms.Brandt) and inquired if she received our (cop-outs) two of them addressed to her which was given to (Lt.Collis) on date (4/11/18 or 4/12/18), regarding an important emergency situation/issue at hand, and she took our names down and stated she will look for our cop-outs and will get back to us on the matter...See,Exhibit F1 , F2 ...

5

23.    On 4/16/18, at about 7:00am, during mainline, breakfast at Green corridor by the metal detector, petitioner fell into a physical altercation with couple of I/m's--- which petitioner was a victim to allege (Assualt)---regarding I/m's prison politics over institutional unit cells which said matter/issue (Problem) was brought before said institution bureau staff's attention a cop-out (NOTICE), petitioner and I/m (Kealoha) sought institutional security (safety) assistance as bureau of prisons duties requires pursuant to (18 USC § 4042) and no avail, which Bureau staff's (CO's) of(USP Canaan) intentional gross act of negligent which resulted  upon petitioner and I/m (Kealoha) getting into a physical altercation---Same day different time event---with other I/m's and getting hurt and receiving personnal injuries, which petitioner received the following injuries-(Abrasions to face),see,attatched-(U.S.DOJ/FBOP/USP CANAAN)(HSD)clinical encounter medical injury assessment reports (HSD and SHU Infirmary),..See,Exhibit  G  ,which all said above could have been prevented if bureau staff's of said institution-(USP CANAAN) was    "negligent" upon his or her duties, and ignoring the institution I/m's safety and security as to petitioner and I/m-(Kealoha) well being by failing to respond to an I/M's emergency situation that resulted upon petitioner and I/m-(Kealoha) getting harmed...See, Exhibits E , F  ...I, Joseph F.F. Drake, petitioner, hereby solemnly sware and declare under the penalty of perjury pursuant to (28 USC § 1746 and 18 USC § 1642) that all stated as written above (DOIR) is true and correct to the best of my knowledge and not meant to mislead...Note:Petitioner in this instant case is an innocent by standard...

6/12/2020       Joseph F.F. Drake # 00886-073
DATE           Joseph F.F. Drake # 00886-073

## COMPLAINT/CLAIM FOR RELIEF

24.    The United States is liable under the FTCA for harm caused/done to the plaintiff by U.S. Government (Federal Employees) acting within the scope of his or her office or employment...28 USC § 2676-79(b)(1)...

25.    Pursuant to the (FTCA), Pennsylvania Law applies and allowss federal I/m-(Petitioner) to sue the U.S. for damages, injury, personal injury sustained while incarcerated...28 USC § 2674, Moshier v. U.S., No. 05-180 (2007) WL 1703536> *9 (W.D. PA. June 11, 2007), Baker v. U.S., No. 05-146, 2006 WL 7946877 *4 (W.D. PA. July, 2006)...

26.    In this regard, the FTCA was designed primarily to remove the sovereign immunity of the U.S. from suits in tort claims, with certain specific expectations, to render the U.S. Gov. liable in tort as a private individual would be under like circumstances... Sasa v. Alvarez Machain, 542 U.S. 692, 700 (2004)(quoting),Richard v. U.S., 369 U.S. 1,6 (1962); GNA V. U.S., 535 F.3d 132-138C(3rd Cir. 2008)...

27.    In this instant case Federal District Courts have jurisdiction over civil rights
actions against the U.S. for damages, injury, loss of property, personal injuries, death
caused by the negligence or wronful act or ommission of any employees of the U.S. Gov.
while acting within the scope of his or her office or employment, under the circumstances
where the U.S. if a private person would be liable to the claimant in accordance with the
law of the act or ommission occurred...28 USC § 1346(b)(1)...

28.    Plaintiff, herein is permitted to sue under the FTCA to recover damages from the
U.S. for personal injuries that he suffered during confinement in a federal prison that
resulted from the negligence of a U.S. Gov. employee...

29.    Under the FTCA pursuant to 28 USC § 2679(b)(1) and 1346(b), plaintiff, may bring
tort claim for damages/personal injury they sustain in custody as consequence of the U.S.
for the negligent or wrongful acts of its employees, by deliberately caused plaintiff
injuries by the negligently failing to respond or take remedial measures upon (Plaintiff
/and I/m-Kealoha) important/emergency situation and failing his or her duties...

30.    Plaintiff, contends that the "Statement Of Facts" stated above at ¶'s 18 through 23,
clearly demonstrates that the U.S. Gov. and its employees (U.S.DOJ/FBOP/USP CANAAN) actions
are intentional/or gross act of negligence pro se wrongful act or ommission within---
Deliberately ignoreing plaintiff/and I/m-(Kealoha) emergency request/important matter---
and plaintiff will establish below, the following elements covered in the factual/
statement of facts state above and will attatch exhibits-(Evidence)-necessary to prove/
and establish tort action herein of negligence and breach of duties the (U.S.) and its
employeess owes A duty to PERSON(S)/PRISONER(S) and plaintiff to EXERCISE REASONABLE
CARE to PRESERVE the life, health and safty while in custody, SEE, Exhibit N

31.    Plaintiff, contends the U.S. and its employees, failed through deliberate neglect
to take adequate precautions the scope of their duties that mounts to violations of U.S.
Gov. (U.S./DOJ/FBOP) policies directives of "Standard Of Employee Conduct" as follows:
(1) Inattention To Duty, Loafing, Causing Potential Danger To Safety of person or to I/m;
(2) Endangering The Safety of Or Causing Injury To Person/Plaintiff/Or Others Through
Carelessness Or Failure To Follow Instruction;(3) Failure To Respond Immediately To As
Emergency Situation; (4) Failure To Observe The Safety Precaustions Of I/m/Person And The
Institution Security; (5) Negligent To Duty; (6) Infamous, Nortoriously Disgraceful Cndrct;
(7) Breach Of Institutional/Facility Security...See, (U.S.DOJ/FBOP/PS. 3420.11-Standard Of
Employee Conduct)... Exhibit 1 ...

7.

32.    Plaitiff, contends that said above (FBOP) policy director ( PD)/Progrm Statement( PS) 3420.11-( Standard of Employee Conduct) applies to all ( U.S.) Gov. ( FBOP) employee(s) of the bureau and will conform to procurement integrity and regulation(s) and will up-hold the ethical rules governing their profession and the U.S. bureau employees who fail to abide to the ethical rules mandated at ( FBOP) ( P.S.) 3420.11, said above, breaches title 18 U.S.C. § 4042, creates a duty of care owed by the U.S. ( FBOP) to those in FBOP custody and the duty of care owed by the U.S. ( FBOP) to federal prisoners is affixed by 18 U.S.C. §

4042(2)(3), that requires FBOP to exercise ordinary diligences to keep pers's/prisoners safe and free from harm...See, Hossiac v. U.S., 682 F. SUpp. 23, 25 ( MD. Pa. 1987)... Note: May this Honorable Court take judicial notice: Petioner in this instant case is an innocent by standard and a victim to the cause in this case...

33.    In addition, FBOP ( PS) 5270.10 and 5321.08 and 5521.06 mandates that FBOP provides an orderly envirom ent for ( persons) incarcerated in prison in general population FBOP...

34.    Likewise, Pennsylvania Tort Law requires that when a party is in custody, " The cusodian ( U.S. Gov.) employees has the duty to exercise reasonable care to preserve the life, health and safety of the person in custody...

35.    However, ( Person)/Petitioner is only entitled to recovery upon first exhausting the agency ( U.S. Gov.) administrative remedies as to where the cause of injury occurred as to ( FTCA) pursuant 28 USC § 2675, and if petitioner can prove/and demonstrate that the U.S. Government employees ( U.S. DOJ/FBOP) of said prison/institution ( USP-CANAAN) breached his or her duties ( 18 USC § 4042) and caused petitioner his injuries through their ethical conduct of negligence-( Standards of Employee Conduct)... See, Grundoski v. United States, Civil Action No.:3:07-2207, 2012 WL 1721781, at 5 ( M.D. Pa. May 16 2012); Swift v. HOSP. of Philidelphia, 456 Pa. Super, 330, 6901 A. 2d. 719, 722 ( Pa. Super. 1997)...

36.    To establish a negligence claim under Pennsylvania Tort Law petitioner must establish four elements: (1) The U.S. Gov. employee(s), U.S. DOJ/FBOP OwedA Duty Of Care; (2) Duty Was Breached; (3) The Breached Caused The Injury; (4) The Person/Petitioner Suffered An Actual Loss, Injuries Or Damages... See, Martine v. Evans, 551 Pa. 496, 502, 711 A.2d 458, 462, ( 1998)... Petitioner, will prove/and establish the above elements below:

THE U.S. GOV. FBOP EMPLOYEE"S OWED A DUTY OF CARE:

8.

37.   The U.S. Gov. (U.S.DOJ/FBOP) employees owed a duty to petitioner under 18 USC § 4042, to provide suitable quarters, and provide for the safekeeping, care and protection to all prisoners incarcerated in federal prisons (USP CANAAN) FBOP...

38.   Likewise, Pennsylvania (Tort) law requires that when a party is in custody, "The Custodian Has The Duty To Exercise Reasonable Care To Preserve The Life, Health And Safety Of The Person/Petitioner In Custody..." The duty is to take reasonable steps under the circumstances to protect *the* prisoner/petitioner from harm.. *Note: Plaintiff was not the I/m with a cell problem... see, Exhibit E2, F2* ..

THE U.S. GOV. FBOP EMPLOYEE'S BREACH ITS DUTY OF CARE:

39.   The U.S. GOV. (U.S.DOJ/FBOP) and its employee's of USP CANAAN breached its duty of reasonable care when it knowingly and intentionally ignoring petitioner and I/m (Kealoha) emergency request and their safety and security and well being by failing to respond to an emergency situation/matter of importance regarding institutional cells and I/m's prison politics regarding cells, as stated above, See, ¶'s 18 through 23 , (Statement Of Facts) that U.S. Gov. (FBOP) bureau employees failing to act upon an emergency request resulting of said petitioner and I/m (Kealoha) getting hurt and receiving injuries and being a victims of an assault, which constitutes/proves negligence of duty of (CARE), by failing to provide petitioner and I/m (Kealoha) safekeeping and protection while incarcerated at USP CANAAN, state of Pennsylvania.. *Note: Placing I/m's of different race to live in same cell interracial mix creates a problem.*

40.   The U.S. Gov. (U.S.DOJ/FBOP) and its employees at (USP CANAAN) breach of duty upon the act and omission through negligent of reasonable care proximately caused of petitioner and I/m (Kealoha) injuries...The proximate cause is defined above at ¶'s 18 through 23 , (Statement Of Facts), it is the negligent act and omission---See, ¶'s 29 *through* 35 that resulted in an injury and damages, was the acts natural and probable consequence in light of the circumstances the cause and reason for this civil matter Tort Claim... *See, Exhibit L*

41.   The U.S. Gov. (U.S.DOJ/FBOP) and its employees, knowingly and intentionally placed petitioner and I/m (Kealoha) lives in danger by failing to take I/m (Kealoha) and petitioner important/emergency matter of problem seriously and taking remedial measures and failing to act upon an important/emergency situation/matter, which resulted petitioner and I/m (Kealoha) getting harmed...The U.S. Gov. (U.S.DOJ/FBOP) and its employees of said prison (USP CANAAN) negligence through their act and omission breach of their duties is the cause of petitioner and I/m (Kealoha) injuries...See, Exhibits 37 , 38 , 39 , 40 , 41 , 42

9.

## PETITIONER SUFFERED AN ACTUAL INJURY, LOSS OR DAMAGES:

42.    Petitioner, (Joseph F.F. Drake), suffered loss of blood and (Physical) personal injuries, and damages to body (Personal Property)-(Abrasion across forehead, Left Cheek, left chin/cut(s) and/or abrasion(s)/abrasion middle forehead, measuring approximately 5x5cm in circler shape, has swelling with abrasion middle swelling left side of face overlying zygoma/localized swelling, mass and lump, head, R220-current-middle forehead... See, attatched, medical records clinical encounter injury assessment reports and petitioner also has suffered a serious, mental and emotional distress (Traumatation), personal injuries (Physical and Mental and Emotional Distress Trauma)...Petitioner, would not have been subject to the following injuries said above had the U.S. Gov. (U.S.DOJ/FBOP) and its employees of (USP CANAAN) misconduct as to its standard of employee conduct and negligence and breach not occurred in this case petitioner would not have suffered (Personal Injuries) and damages to his body (Personal Property)...Note: Injuries are damages, and damages is the loss in this claim...In light of petitioner physical pain and suffering-(Mental and Emotional Distress Trauma) as of being a victim of assault, petitioner is entitle to compensation in the amount setforth in this Tort Claim of the sum's $ 5,000,000,000.00, and may this Honorable Court take judicial notice, that at the time of petitioner being a victim of an assault, petitioner was at the time under going USP Canaan (Health Services) medical treatment chronical care-(Hepitites-C) treatment, and petitioner was not at good stable health and physically weak at the time/or date of being (Victim) of assault...SEE, EXHIBIT (P

43.    I/M also contends that he's had suffered mental emotional distress as through being (victim) of an assault... Under Pennsylvania law recognizes a cuase for negligent infliction of emotional distress in three types of cases( namely when: 1) person suffers a physical injury which causes the emotion distress; 2) person did not suffer a personal impact but was in the zone of danger; 3) person witnesses accident causing serious injury to a close family member...

44.    In order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the person must allege physical injury and sufficient to meet the statory criteria of 28 USC § 1346(b)(2) and 42 USC § 1997e(e)... to recover for intentional infliction of emotional distress in Pennsylvania, a person must support the claim of emotional distress with competent medical evidence (psychology) in form of expert evidence... SEE, EXHIBIT G , H ., Ross v. United States , 641 F. Supp. 368 , 377 (D.D.C. 1986).

45.    To prove a claim for intentional infliction of emotioanl distress, the following

elements must be established: 1) The conduct must be extreme and outrageous; 2) It must be intentional or reckless; 3) It must cuase emotional distress; 4) That distress must be severe... As all stated above at ( statement of facts) ¶'s _18_ through _23_, clearly above that petitionor suffered a serious mental and emotional distress trauma as being a victim of an assault through the negligent of the U.S. Gov. and it's employees of USP-Canaan and placed petitioner in a zone of danger.. _Note: date of incident in this case there was only two (2) Pacific Islander Ethnic Race on the institutions compound population._

47.    Inmate contends that upon the severe and mental emotional distress under the tort law as distinguished that " SHOCK" to the person/petitioner ( Human Being ) " NERVOUS SYSTEM ", which comonly regarded as " INJURY " to the  " BODY " rather than to the " MIND ", and hence satisfied the requirement of " PHYSICAL INJURY " ... See, e.g. Vanoni v. Western Airline, 1967, 247 Cal. App. 2d. 793, 56 Cal. RPTR. 115...

48.    Petitioner established a claim under FTCA against the FBOP agency bureau employees premise upon negligence and petitioner has demonstrated and provided by the preponderence of facts that petitioner has established the prerequisite above showing that the United States Gov. and its employees was responsible for petitioners claim personal injuries ( Phsysical and Mental Emotional Distress Trauma ) under the FTCA 28 USC § 2676-79(b)(1) and breach of duty ( 18 USC § 4042 )...See, United States v. Muniz, 374 U.S. 150( 1963), under the state of Pennsylvania Tort Law... 42 USC § 1997 e (e).

<u>CONCLUSION</u>

49.    Petitioner contends that the United States Government and its employees ( U.S. DOJ/ FBOP/USP-Canaan ) is responsible/liable under the FTCA for the act describe herein based on the wrongful act or ommision acting within the scope of duty his or her ( U.S. Gov. ) and ( FBOP ) prison officials owes to his or her employer he or her was hired to do...

50.    Pursuant to 2676-79(b)(1) and 1346(b), 2671-80 and 28 CFR § 14.2 the undersigned petitioner is required to request a specific sums of ( $ 5,000,000.00 ) contained for the damages petitioner has sustained and therefor the above mentioned petitioners request damages and/or settlement with the United States responsible for its employees and petitioner personal injuries...

DAMAGES SOUGHT
<u>AFFIDAVIT IN SUPPORT OF CLAIMS MADE</u>

51.    For the statements of facts in this civil tort complaint/claim is with personal knowledge and all true and correct as written in good faith...Petitioner ( Joseph F.F. Drake )

11.

Solemnly Swears and Declares under the penalty of perjury under the laws of the U.S., pursuant to 28 USC § 1746 and 18 USC § 1641 and 18 USC § 1642 that all above mentioned in this claim as mentioned at ¶'s 18 through 23 in writting is all true and correct to the best of my knowledge...

Petitioner contends that under the state of Pennsylvania (Tort) law, in this instant (FTCA) civil complaint, that a "certificate of merit" (C.O.M.) is required in this case pursuant to Pennsylvania Rule Of Civil Procedure 1042.3, as based upon the U.S. Gov. and its employees (U.S.DOJ/FBOP) act and omission upon act of negligence and deviating from its "Standard Of Employee Ethical Conduct"...

Petitioner may obtain a (C.O.M.) pursuant to Fed.R.CIV.P. Rule 35, through documentary evidence that substantially proves petitioner is in custody and/or under "LEGAL CONTROL" of the U.S. Gov. of the U.S.DOJ/FBOP, which petitioner is required through court order to prove in order to obtain a C.O.M. from a licensed or certified expert examiner, pursuant to said civil rule 35 stated above, that the alleged act or omission of the defendant U.S. Gov. and its employees fell below the appropreate standard of care/or employee ethical conduct, and that the negligent conduct caused the (Physical and Mental and Emotional) injuries for which recovery is sought...Simpson v. Federal Bureau Of Prison, No. 02-2213, 2005 U.S. Dist. Lexis 28967, 2005 WL 2387631, at (M.D. Pa. Sept. 28, 2005)...See, ¶'s 42 through 48 . Note: A court in which action is pending under order to produce a physical or mental examination by certified examiner in person in the party's custody or legal control. See, Exhibits I , J , K .

Petitioner, hereby humblely request before this Honorable Court to liberally construe and except this civil tort claim as drawn and prepared, which petitioner is acting in pro-se capacity litigant as under, Haines v. Kerner, 404 US 519 (1972) also; Doolittle v. Holmes, 306 Fed. Appx. 133 (2009)....

6/12/2020
DATE

Respectfully Submitted,

Joseph F.F. Drake#00886-093
U.S. Penitentiary Tucson
P.O. BOX 24550-(D1-Unit)
Tucson, AZ. 85734-USA

EXHIBITS

IN SUPPORT OF CIVIL ACTIONS PURSUANT TO

FEDERAL TORT CLAIMS ACT

(A) FBOP I/m Administrative Tort Claim (ATC) - (SF-95 Form)

(B) (NER) (ATC) Exhaustion / Denial Disposition [Reconsideration]

(C) (NER) (ATC) Exhaustion / Denial Disposition

(D) (NER)(ATC) Received, Review, Consider, and Adjudicate

(E) U.S. DOJ / FBOP - BP-A014B - I/m Request to Staff (IRTS) Addressed to Ms. Brandt - (SIS) / and Mr. Graeber - (SIS).

(F) U.S. DOJ / FBOP - BP-A0148 - (IRTS) Addressed to Mr. Fisher - (Case Manager).

(G) FBOP / USP Canaan Health Services Dept. I/m Medical Records Injury Assessment Reports.

(H) FBOP / USP Canaan / and USP Tucson - (Psychology Dept.) I/m Mental and Emotional Distress Evaluation Report.

(I) U.S. DOJ / FBOP - BP-A383.058 - I/m Personal Property Record / Admission Form - (USP Tucson).

(J) U.S. DOJ / FBOP - BP-A407.058 - Acknowledgement of I/m Part 1,2,3,4 Form (USP Tucson).

(K) U.S. DOJ / FBOP - BP-S518.052 - Institutional Admission and Orientation Program checklist Form (USP Tucson).

~~additional members 20.20.20 ~~

(L) FBOP (P.S.) 3420.11 - (Standard of Employee Conduct)
(M) FBOP (P.S.) 5270.09 - (I/m Discipline Program)
(N) 18 U.S.C. § 4042 - (Duties of Bureau of Prisons) - (Crimes and Criminal Procedures)
(O) Sentence Monitoring Computation Data - (I/m)
(P) USP Canaan (HS) Medical Records - (Hepitites - C) Treatment.

_____
6/12/2020
DATE

_____
Joseph F.F. Drake #00886-023
USP Tucson
P.O. Box 24550
Tucson, AZ. 85734-USA

5

7016 1370 0000 0936 2737

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)* |
|---|---|
| U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS<br>NORTHEAST REGIONAL OFFICE, ROOM# 201<br>U.S. CUSTOMS HOUSE-7TH FLOOR<br>2ND AND CHESTNUT STREET<br>PHILADELPHIA, PA. 19106 | JOSEPH F.F. DRAKE-FED.REG.NO.: 00886-093<br>U.S. PENITENTIARY TUCSON<br>P.O. BOX 24550<br>TUCSON, AZ. 85734 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| MILITARY [X] CIVILIAN | 8-15-71 | SINGLE | APRIL 16, 2018 | 7:00 AM |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

"SEE, ATTACHED FORMAL COMPLAINT / ADMINISTRATIVE CLAIM"

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

N/A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

"SEE, ATTACHED MEDICAL RECORDS INJURY ASSESSMENT CLINICAL ENCOUNTER REPORTS"

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| MR.BALTAZAR-(WARDEN)<br>MR.COLLIS-(LT./S.I.S.)<br>MR.FISHER-(CASE MANAGER)<br>MR.DURKINS | MS.BRANDT-(S.I.S.) | U.S. PENITENTIARY CANAAN<br>P.O. BOX 300<br>WAYMART, PA. 18472 | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| N/A | $5,000,000.00 | N/A | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* | N/A | 2/20/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT-A

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☒ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☒ No

N/A

SF 95 (Rev. 7-85) BACK

JOSEPH F.F. DRAKE
FED. REG. NO.:00886-093
U.S. PENITENTIARY TUCSON
P.O. BOX 24550
TUCSON, AZ. 85734


U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS
NORTHEAST REGIONAL OFFICE, ROOM# 201
U.S.   CUSTOMS HOUSE-7TH FLOOR
2ND AND CHESTNUT STREET
PHILADELPHIA, PA. 19106


RE: FORMAL COMPLAINT / ADMINISTRATIVE TORT CLAIM REGARDING (PHYSICAL,MENTAL AND EMOTIONAL
DISTRESS) PERSONAL INJURIES AS A (VICTIM) OF AN ASSAULT AS RESULT TO (U.S.DOJ/FBOP) BUREAU
EMPLOYEE(S) (NEGLIGENT) BEHAVIOR OR WRONGFUL ACT OR OMISSION WHILE ACTING WITHIN THE SCOPE
OF HIS OR HER OFFICE OR EMPLOYMENT...


Dear Regional Counsel Office,

My name is Joseph F.F. Drake, an inmate(I/m) currently incarcerated at (U.S.DOJ/FBOP)
J.S. Penitentiary(USP) Tucson, AZ., and serving 19years imprisonment sentence, and have
served 17years of said sentence...

I I/m (Drake) is submitting this Formal Complaint/Administrative Tort Claim(ATC)
regarding reference stated above and request that this Regional Office accept I/m (ATC)
complaint and constue it liberally under Haine v. Kerner, 404 US 519 (1972)...

### INTRODUCTION

1.   This Formal Complaint/(ATC) pursuant to the FTCA title 28 USC § 2675, file by:
Joseph F.F. Drake, a federal prisoner/inmate(I/M), allegeing (Physical,Mental,And Emotional
Distress) personal injuries caused by the "NEGLIGENT" or "WRONFUL ACT" or "OMISSION" of any
employee(s) of the government(GOV.)(FBOP) while acting within the scope of his or her office
or employment...This (ATC) complaint brought pursuant to (FTCA) title 28 USC § 2675 and
1346(b), 2671-80...

2.   Before I/m files a FTCA lawsuit in federal court, I/m must first file an (ATC) with
the federal agency exhausting his administrative (Tort) remedies, see, 28 USC § 2675...

3.   In general, a tort is a remedy for a wrong or injury that is committed against
someone for which the law provides a remedy...Tort are "CIVIL" the main purpose of a civil
lawsuit is to compensate someone for wrongful injuries or damages that they received, where
the main purpose is to punish the wrongdoer...

4.   The FTCA 28 USC §§ 2675-79, before this act was federally created agency's could be
sued for it.s tort if congress had given power to "SUE AND BE SUED"...

5.   The (FTCA) is a statute that was passed by the United States congress...It allows
certain claims to be brought agianst the United States for the negligent or wrongful acts
of its employees ...Under FTCA, howerver;

1.

( Authority of any federal agency to sue or be sued in it's own name
shall not be construed to authorize suit against such federal
agency on claim which are cognizable under 28 USC 1346(b) )

6. Take Note: The United States(U.S.) is liable under the FTCA for harm cause/done to I/m by federal employee while acting within the scope of his or her office or employment...28 SC §.2675-79(b)(1)...Because the FTCA makes the U.S. "Liable" only when the federal employee is acting within the scope of his or her office or employment, it is important to find out if the person(s) who caused the damages or (Personal) injury is a federal employee under the FTCA...

7. Federal Employees, are defined as "Officers Or Employees Of Any Federal Agency" of the U.S. while engaged in training or duty, and person acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the U.S. wherther with or thout compensation...

8. I/m may bring a (ATC) complaint under FTCA when an investigative or law enforcement officer committs the tort (wrong) against a (Person) him...Federal Correctional Officer(FCO) are law enforcement officers because of the duties assigned to them by statute...18 USC §. 3050...

9. Recently, the U.S. Supreme Court pointedly remarked that (Federal) BOP Correctional ficers "Qualify As Investigtive Or Law Enforcement Officers" within the meaning of the F.T.C. rICA...See, Millbrook v. Unites States, 133 S.Ct. 1441, 1445 n,3...18 USC 3050, to show that the conduct of (FCO) is covered by the FTCA's law enforcement proviso and thus can give rise to a cause of action...The 2013, Millbrook, ruling helpfully clarafied the scope of the law enforcement proviso...The proviso extends to officers acts or omission that arise within the scope of their employment...

10. Under the FTCA, sovereign immunity is waived for personal injury caused by the negligent or wrongful act or omission of any employee of the Gov. while acting within the scope of his or her office or employment...

## DESCRIPTION OF INCIDENT REGARDING COMPLAINT

11. On 4/11 or 12/2018, at about 12:00pm, at (USP Canaan) Food Services Dept.(FSD) during mainline lunch I I/m (Joseph F.F.Drake#00886-093) and I/m (Fordrick Kealoha#91693-022) we both approached (Lt.Mr. Collis-S.I.S) standing mainline and I/m (Kealoha) brought to his attention of an important, emergency situation---a request---regarding unit transfer/or move from (B1-unit-cell#117 to B2-unit-cell#126) and I/m (Kealoha) explained the issue matter that he's having cell problems---a cell to live in---regarding I/m prison politics regarding cells situations, and requested assistance emergency transfer to said above unit/cell which cell is assigned to I/m (Drake) which cell has an available open top bunkbed and that I/m (Drake) accepts/and agrees for I/m (Kealoha) to move in the cell with him to resolve any an all I/m prison politics regarding cell situations, and that I/m's (Kealoha and Drake) are compatable to house and live together because they are both homeboys from the island, and also I/m's (Drake and Kealoha) also stressed the matter issue to (Lt. Mr. Collis) attention that said issue/matter is of importance an of emergency and of priority so that said issue does not become a serious potentual/dangerous problem as to where I/m's getting hurt/injured, and both I/m's (Kealoha and Drake) handed (Lt. Mr. Collis) a cop-out(I/m request to staff forms) regarding said subject matter, which said cop-out where addressed/made out to institutional staffs-(Ms.Brandt and Mr.Graeber-S.I.S.'s) and requested (Lt. Mr. Collis) if he could make sure that said cop-outs get to said staffs said above he stated that he will make sure that (Ms.Brandt and Mr.Graeber) get your cop-outs and that he would look into our said issue/matter.
SEE, EXHIBIT- B1 , B2 ...

On 4/11 or 12/2018, after lunch mainline, I I/m (Drake) while in(B2-unit) I/m saw the unit counselor-(Mr.Durkins) and approached and spoke with him regarding same issue and requested his assistance upon moving my homeboy I/m (Kealoha) to B2-unit-Cell#126 to aviod all problems regarding I/m prison politics and counselor-(Mr. Durkins) stated that he could not assist mm or I/m (Kealoha),..About an hour later I saw Mr. Fisher-(Case manager-B1-unit) seeking his help/assistance upon said important/emergency matter and explained the issue and requested if ould move I/m (Kealoha) from (B1-unit-cell#117 to B2-unit-cell#126) (Mr. Fisher) also stated that he could not assist me or I/m (Kealoha) and I stressed the urgency assistance (Move) before the issue matter at hand turns into a serious matter and I/m any or Staffs get hurt/or injured, and no avail from either (FCO)...See, Exhibit C1  C2 ...

13. On 4/13/18 at about 8:00pm., while coming in from out door recreation(Rec.) the institution compound (CO's) and (Ms.Brandt-S.I.S.) was standing at the rec. door gate which, I I/m (Drake) and I/m (Kealoha) approached (Ms.Brandt) and inquired if she received our op-outs two of them that we gave to (Lit.Mr.Collis-S.I.S.) that was addressed to you her regarding an important emergency situation/issue of priority regarding I/m prison politics regarding cells, and we explained the matter/issue at hand, and she took our names down and stated she will look for our cop-outs and will get back to us on the matter.. See, Exhibit B1  B2

14. On 4/16/18 at about 7:30am., during mainline breakfast at Green Corridor by metal detector, I I/m (Drake) fell into a physical altercation with couple of I/m---which I was a victim to allege(Assault)---regarding I/m prison politics over institutional unit cells which aid matter/issue (Problem) was brought to institutional bureau staffs attention a "NOTICE" (Cop-Out)/(I/m Request To Staff Form) and sought an emergency security (Safety) assistance as bureau of prisons duties requires prusuant to (18 USC,§-4042)and no avail, which bureau staffs (CO's) intentional gross act of negligent which resulted upon me I/m (Drake) and I/m (Kealoha) getting into a physical altercation with other I/m's and getting hurt and receiving personal injuries---I/m (Drake) received the following injuries:Abrasions to face-See, attatched(U.S.DOJ/FBOP/USP CANAAN)(HSD) clinical encounter medical injury assessment reports (HSD and SHU Infirmary),Exhibit A , which all said above could have been prevented if bureau staffs of said institution-(USP CANAAN) was not "Negligent" upon his or her duties, and ignoring the safety and security of I/m's well being by failing to respond to an emergency situation that resulted upon I/m's getting harmed...See, Exhibits B  C  I/m, Joseph F.F. Drake solemnly sware and declare under the penalty of perjury pursuant to (28 USC,§ 1746 and 18 USC § 1642) that all stated as written above (DOIRC) is true and correct to the best of my knowledge and not meant to mislead...NOTE:I/m (Drake) in this incident/case is an innocent by standard...

## COMPLAINT / CLAIM

15. Under the FTCA pursuant to 28 USC § 2675; 28 CFR § 14.1 et.Seq., federal I/m may bring (ATC) for injuries they sustain in custody as a consequence of the "Negligent or wrongful act or omission of BOP officials...

16. I,M (Drake) herein seek that his (ATC) complaint before this agency FBOP Regional Counsel office review I/m compliant/claim in light of, Gray v. U.S.,486 F. App'x. 976,978(3rd Cir. 2012), Jone v. U.S.,534 F.2d 53,(5th Cir. 1976) and may this agency construe this complaint/claim liberally...

17. I/m (Drake) complaint/claim that bureau staffs (CO's) at FBOP/USP Canaan deliberately caused I/m injury by negligently failing to respond or take remedial measures upon an important /emergency situation and failing his or her duties...

18. I/m (Drake) contends that the (DOIRC) stated above at(¶ 11, 12, 13, 14,clearly demonstrate that bureau staff's (CO's) of USP Canaan action are intentional/or gross act of negligence pro-se wrongful act or omission within---Deliberately ignoring I/m's emergency request matter---

3.

the scope of their duties that mounts to violations of U.S./DOJ/FBOP policies directives of Standard of Employee Conduct as follows: (1) Inattention To Duty, Loafing, Potential danger to safety of person; (2) Endangering the safty of or causing injury to I/m's, or others ........... though carelessness or failure to follow instruction; (3) Failure to respond immediately to as emergency situation; (4) Failure to observe the safety precautions of I/m and Institution security; (5)Negligent to Duty; (6) Infamous, Nortoriously Disgraceful Conduct; (7) Breach Of Institutional/Facility Security...See,(FBOP PS.-3420.11-Standard Of Employee Conduct)

19. I/m' contends that said above (FBOP) Policy Directive(PD)/Program statement(PS) 3420.11(Standard Of Employee Conduct) applies to all employees of the bureau and will conform to procurement integrity and regulation and will up hold the Ethical Rules Governing their profession and the bureau employees who fail to abide by the Ethical Rules mandate at (FBOP) (PS.) 3420.11-(Standard Of Employee Conduct) breaches title 18 USC § 4042, creates a ity of care owed by the FBOP to those in BOP custody and the duty of care owed by the BOP to Federal Prisoner's is fixed by 18 USC §.4042 (2)(3), that requires FBOP to exercise ordinary diligence to keep prisoner's safe and free from harm...See, Hossiac v. U.S., 682 F. Supp. 23, 25 (MD. Pa. 1987)...Note:I/m (Drake) in this incident/case is an innocent by standard and a victim to the cause...

20. In addition, BOP Progran statement (PS) 5270.10 and 5321.08 and 5521.06 mandates that FBOP provides an oderly Enviroment for all I/m's incarcerated in prison in general population FBOP...

1. Likewise, Pennsylvania Tort Law requies that when a party is in custody, "The custodian has the duty to exercise reasonable care to preserve the life, health and safety of the person in custody...However, I/m's is only entitle to recovery upon first exhausting the administrative remedies as to were thecause of injury occurred as to (FTCA) pursuant to 28 USC § 2675, if I/m can prove that the FBOP bureau of employees of said prison (USP CANAAN) breached his or her duties and caused I/m (Drake) his injuries...See, Grundoski v. U.S., Civil Action No.:3:07-2207, 2012 WL 1721781, at 5 (M.D. Pa. May 16, 2012); Swift v. HOSP. OF PHILADELPHIA, 456 Pa. Super, 330, 6901 A. 2d 719,722 (Pa. Super. 1997)...

22. To establish a negligence claim under Pennsylvania Tort Law a person/inmate must establish four elements: (1) The FBOP Bureau Employees Owed A Duty Of Care; (2) Duty Was Breached; (3) The Breach Caused The Injury; (4) The Person/Inmate Suffered An Actual Loss or Damages...See, MARTIN v. EVENS, 551 Pa. 496, 502, 711 A.2d 458, 462 (1998)...I/m will prove/and establish the above elements below:

## THE F.B.O.P. BUREAU EMPLOYEE'S OWED A DUTY OF CARE:

23. The FBOP Employees owed a duty to I/m under 18 USC §.4042, to provide suitable quarters and provide for the safekeeping, care and protection to all prisoners incarcerated in federal prisons (USP CANAAN) FBOP...

24. Likewise, Pennsylvania law requires that when a party is in custody, "The Custodian has the duty to exercise reasonable care to preserve the life, health and safety of the person/ I/m in custody...The duty is to take reasonable steps under the circumstances" to protect an prisoner from harm...

## FBOP BREACH ITS DUTY OF CARE:

25. The FBOP/USP CANAAN bureau of employees breached the duty of reasonable care when it knowingly ignoring I/m's the safety and security of I/m's well being by failing to respond to to an emergency situation upon I/m's (Drake) and (Kealoha) request and notice for emergency

4.

important matter regarding institutional cells and I/m's prison politic regarding cells, see paragraphs(¶) , 11 , 12 , 13 , 14 (DOIRC) stated above, that bureau staffs failing to act upon I/m emergency request resulting of said I/m's getting hurt and receiving injuries and becoming victims of an assault, which constitutes/proves negligence of duty of (CARE)...

<u>FBOP BREACH CAUSED I/M INJURY:</u>

26. The FBOP bureau of employees (USP Canaan) breach of duty of reasonable care proximately cause I/m injury...The proximate cause is defined above at (DOIRC) at paragraphs(¶), 11 , 12 , 13 , 14 , it is the negligent act---See,¶. 18 --- that resulted in an injury that was the acts natural and probable consequence in light of the circumstances...

27. The FBOP employees knowingly placed I/m (Drake) and I/m (Kealoha) in danger by failing to take I/m's important/emergency problem seriously and take remedial measures and failing to act upon important matter, which resulted I/m's getting harmed...Bureau employees of said institution (USP Canaan) Negligence breach caused I/m's injuries...See, Exhibits B , C

<u>(I/M) SUFFERED AN ACTUAL LOSS OR DAMAGES:</u>

28. I/m suffered loss of blood and (Physical) personal injuries -(Abrasion across forehead, L. Cheek, L. chin/Cut(s) and /or Abrasion(s)/Abresion mid forehead, measuring approximately 5x5cm in circlar shape, has swelling with Abrasion mid swelling left side of face overlying zygoma/ localized swelling, mass and lump, head, R220- current-mid forehead...See, attatched Medical Records Clinical Encounter Injury Assessment Report(s) and I/m also has suffered a mental and emotional distress (Traumation), personal injuries (Physical and Mental and emotional distress trauma) I/m would not have been subject to had an act of federal bureau employees (USP CANAAN) misconduct as to its standard of employee conduct and negligent and breach not occurred in this case...

29. I/m also contends that he has suffered mental and emotional distress as through being a (victim) of an assault...Under Pennsylvania Law recognizes a cause for negligent infliction of emotional distress in three types of cases, namely when: 1) Person suffers a physical injury which causes the emotional distress; 2) Person did not suffer a personal impact but was in the zone of danger; 3) Person witnesses an accident causing serious injury to a close familt member...

30. In order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the person must allege physical injury and sufficient to meet the statutory criteria of 28 USC § 1346(b)(2) and 42 USC § 1997e(e)... To recover for intentional infliction of emotional distress in Pennsylvania, a person must support the claim of emotional distress with competent medical evidence, in form of expert medical evidence...

31. To prove a claim for intentional infliction of emotional distress, the following elements must be established: 1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe...As all stated above at (DOIRC)(¶) 11, 12, 13, 14 , clearly prove that I/m suffers a serious mental and emotional distress trauma as being a victim of an assault through the negligent of bureau employees of USP Canaan and place inmate in a zone of danger...

32. I/m contend that upon the <u>severe mental and emotional distress</u> under the tort law as distinguished that "SHOCK" to the person (Human Being) "NERVOUS SYSTEM", which commonly is regarded as "INJURY" to the "BODY" rather than to "MIND", and hence satisfied the requirement of "PHYSICAL INJURY"...See, e.g. Vanoni v. Western Airline, 1967, 247 Cal. App. 2d. 793, 56 Cal. RPTR. 115...

5.

33. I/m has established a claim under FTCA against the FBOP agency bureau employees premise upon negligence and I/m has demonstrated and provided by preponderance of facts that I/m has established prerequisite above showing that a federal employee was responsible for I/m claim personal injuries (Physical and mental and emotional distress trauma) under (FTCA) 28 USC § 2675 and breach of duty (18 USC § 4042) under the state of Pennsylvania Tort Law...

## CONCLUSION

I/m contends that FBOP agency bureau employees is responsible/liable under FTCA for the act decribed herein based on the wrongful act or omission acting within the scope of duty he or her (Prison Official) owes to his or her employer he or her was hired to do...

Pursuant to 28 USC § 2675,1346(b),2671-80 and 28 CFR § 14.2 the undersigned I/m _ _ _ _ _ is required to request a specific sum of ($5,000,000.00) contained for the damages sustained and therefore the above mentioned I/m request damages and/or settlement with the agency FBOP/USP Canaan, bureau employees responsible for I/m personal injuries...

## DAMAGES SOUGHT
## AFFIDAVIT IN SUPPORT OF CLAIMS MADE

For the facts stated in this administrative tort claim is with personal knowledge and true and correct, in good faith...The above I/m Joseph F.F. Drake, Swear and declare under penalty of perjury under the law of the United States (28 USC § 1746 and 18 USC § 1642) that all above mentioned in writing is all true and correct to the of his knowledge...

Respectfully Submitted,

Date 2/20/19

Joseph F.F. Drake#00886-093
USP Tucson
P.O. BOX 24550
Tucson, AZ. 85734

6.



U.S. Department of Justice

Federal Bureau of Prisons

*Northeast Regional Office*

_Via Certified and Return Receipt Mail_

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, PA 19106

March 13, 2020

Joseph Drake, Reg. No. 00886-093
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

RE:  Administrative Claim No. TRT-NER-2019-02817
Reconsideration

Dear Mr. Drake:

On March 2, 2020, this office received your request for reconsideration of this Office's August 23, 2019, denial of Administrative Claim No. TRT-NER-2019-02817.  Your claim was reconsidered for settlement as provided by the Federal Tort Claims Act, 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30.  Specifically, you seek reconsideration of your tort claim in which you allege you clearly demonstrated compensable loss.  Additionally, you contend you suffered physical and mental injuries as the victim of an assault.

A review finds you have not submitted any new or previously unknown evidence in support of your reconsideration request. There is no evidence you experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee.  In addition, you seek an undisclosed amount of damages for physical and mental distress.  However, 28 C.F.R. § 14.2 requires a claimant to provide a Sum Certain when submitting a claim.  Accordingly, your claim is denied.

Sincerely,

Darrin Howard
Regional Counsel

cc:  E. Bradley, Warden, USP Canaan

EXHIBIT - "B"

**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA 19106*

August 23, 2019

Mr. Joseph Drake, Reg. No. 00886-093
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

     RE:  Administrative Claim No. TRT-NER-2019-02817

Dear Mr. Drake:

    Administrative Claim No. TRT-NER-2019-02817, properly received on February 25, 2019, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. Damages are sought in the amount of $ 5,000,000.00 based on a personal injury claim. Specifically, you allege on April 16, 2018, you were assaulted by other inmates at USP Canaan due to the deliberate indifference of staff towards your security needs. You state you suffered injuries as a result of the assault.

    An investigation, including a review of your medical records, shows on April 16, 2018, you were assaulted by other inmates at USP Canaan. All inmates were ordered to cease and lay on the ground to be placed in restraints. You were medically assessed and placed in the Special Housing Unit. You were treated for minor lacerations to your forehead and swelling on your face. There is no indication staff were aware of issues between you and other inmates prior to this incident. Following an investigation of the incident, you transferred to another institution. There is no evidence you experienced a compensable loss as a result of the negligence on the part of a Bureau of Prisons employee. Accordingly, your claim is denied.

    If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.

            Sincerely,

            Darrin Howard
            Regional Counsel

cc:  E. Bradley, Warden, USP Canaan

EXHIBIT-"C"



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

U.S. Custom House
2nd & Chestnut Streets - 7th Floor
Philadelphia, PA. 19106

March 11, 2019

Joseph Drake, Reg. No. 00886-093
USP Tucson
P.O. Box 24550
Tucson, AZ  85734

Re:  Administrative Claim **Received February 25, 2019**
     Claim No. Claim No. TRT-NER-2019-02817

Dear Mr. Drake:

    This will acknowledge receipt of your administrative claim
for an alleged loss of personal property or personal injury at
USP Canaan.

    Under the provisions of the applicable federal statutes, we
have **six months from the date of receipt** to review, consider, and
adjudicate your claim.

    All correspondence regarding this claim should be addressed
to Federal Bureau of Prisons, Northeast Regional Office, Room
701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia,
Pennsylvania 19106.  If the circumstances surrounding this claim
change in any fashion, you should contact this office
immediately.  Also, should your address change, you should
contact this office in writing accordingly.

                              Sincerely,

                              Darrin Howard
                              Regional Counsel

EXHIBIT-"D"

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                     FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Ms. Brandt-S.I.S. And Mr. Graeber-S.I.S. | DATF· 4/11/18 or 4/12/18 |
|---|---|
| FROM: Fordrick Kealoha | REGISTER NO.: 91693-022 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: B1  # 117 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.

I am submitting this request to staff, seeking your emergency assistance upon I/m unit change/ or transfer
from B1-Unit-Cell;   to B2-Unit-Cell#126, due too situation at hand and prison I/m politics and trying to
avoid any problems... This cop-out is a notice/ and request to your attention pursuant to 18 USC § 4042 (1)
(2)(3)...I wish not to further laberate upon the issue/ subject matter at hand, and hoping that you under-
stand and read between the line, and respectfully seek your assistance, I/m wishes to move in with one of
his people from the island in B2-Unit an open cell available, see attached cop-out...Thank You!!!

                                        Respectfully Submitted,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate

PDF                          Prescribed by P5511

*EXHIBIT-E*

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-A0148
JUNE 10

**INMATE REQUEST TO STAFF** CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Ms.Brandt-S.I.S. and Mr.Graeber-S.I.S. | DATE: 4/11/18 or 4/12/18 |
|---|---|
| FROM: JOSEPH F. DRAKE | REGISTER NO.: 00886-093 |
| WORK ASSIGNMENT: RECYCLE DEPT. | UNIT: B2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I am submitting this cop-out as refernce to said I/m _____, I do accept/ and willing to take, I/m as my cellmate, we are compadiable and said I/m is my people from the island, and I have an open bed...I request that said I/m be emergency moved/ or transfered from B1-Unit-Cell#118 to B2-Unit-Cell#126, as reference subject matter at hand, please consider this emergency request pursuant to 18 USC § 4042(1)(2)(3)...Thank You!!!

Respectfully Submitted,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                               Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

"EXHIBIT-E2"

BP-A0148
JUNE 10

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                          FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) | DATE: 4·11·2018 |
|---|---|
| MR. FISHER-(case-manager) | |
| FROM: Kealoha, F | REGISTER NO.: 91693-022 |
| WORK ASSIGNMENT: Unit Orderly | UNIT: B1 #117 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.
    I am submitting this request to staff, seeking your emergency assistance upon I/m unit change/ or transfer
from B1-Unit-Cell#117 to B2-Unit-Cell#126, due too situation at hand and prison I/m politics and trying to
avoid any problems... This cop-out is a notice/ and request to your attention pursuant to 18 USC § 4042 (1)(2)
(2)(3)...I wish not to further laberate upon the issue/ subject matter at hand, and hoping that you under-
stand and read between the line, and respectfully seek your assistance, I/m wishes to move in with one of
his people from the island in B2-Unit an open cell available, see attatched cop-out... Thank You!!!
                                                        Respectfully Submitted,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                              Prescribed by P5511

                            This form replaces BP-148.070 dated Oct 86
                            and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        **SECTION 6**

                                    EXHIBIT-F1

BP-A0148
JUNE 10

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                      FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) MR. FISHER (CASE MANAGER) | DATE: 4·11·2018 |
|---|---|
| FROM: JOSEPH F. DRAKE | REGISTER NO.: 00886-093 |
| WORK ASSIGNMENT: RECYCLE DEPT. | UNIT: B2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

I am submitting this cop-out as refence to said I/m _Kealoha, F_ , I do
accept/ and willing to take, I/m as my cellmate, we are compadiable and said I/m is my people from the same
island, and I have an open bed...I request that said I/m be emergency moved/ or transfered from B1-Unit-
Cell#118 to B2-Unit-Cell#126, as reference subject matter at hand, please consider this emergency request
pursuant to 18 USC § 4042(1)(2)(3)...Thank You!!!

                                        Respectfully Submitted,

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate

PDF                          Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER

# SECTION 6

EXHIBIT- F2

-24

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | |
|---|---|---|---|
| Inmate Name: DRAKE, JOSEPH F | | | Reg #: 00886-093 |
| Date of Birth: 08/15/1971 | Sex: M | Race: ASIAN/PAC. | Facility: CAA |
| Encounter Date: 04/16/2018 09:11 | Provider: | Kaiser, Kenneth PA-C | Unit: Z01 |

Injury Assessment - Non-work related encounter performed at Health Services.

**SUBJECTIVE:**

**INJURY 1**      **Provider:** Kaiser, Kenneth PA-C

| | | |
|---|---|---|
| **Date of Injury:** | 04/16/2018 06:54 | **Date Reported for Treatment:** 04/16/2018 09:10 |
| **Work Related:** | No | **Work Assignment:** USP RECYCL |

**Pain Location:**
**Pain Scale:**   0
**Pain Qualities:**
**Where Did Injury Happen (Be specific as to location):**
   green corridor near food service
**Cause of Injury (Inmate's Statement of how injury occurred):**
   altercation
**Symptoms (as reported by inmate):**
   none per inmate

**OBJECTIVE:**
**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 04/16/2018 | 09:11 CAA | 98.7 | 37.1 | Oral | Kaiser, Kenneth PA-C |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 04/16/2018 | 09:11 CAA | 97 | Via Machine | | Kaiser, Kenneth PA-C |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 04/16/2018 | 09:11 CAA | 15 | Kaiser, Kenneth PA-C |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 04/16/2018 | 09:11 CAA | 142/93 | Left Arm | Sitting | Adult-regular | Kaiser, Kenneth PA-C |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 04/16/2018 | 09:11 CAA | 100 | Room Air | Kaiser, Kenneth PA-C |

**Exam:**
**General**
   **Appearance**
      No: Appears Distressed
**Head**
   **General**
      Yes: Abrasion(s)
**Eyes**

*"EXHIBIT G1"*

| | | |
|---|---|---|
| nmate Name:  DRAKE, JOSEPH F | Sex:  M   Race:  ASIAN/PAC. | Reg #:  00886-093 |
| Date of Birth:  08/15/1971 | Provider:  Kaiser, Kenneth PA-C | Facility:  CAA |
| Encounter Date:  04/16/2018 09:11 | | Unit:  Z01 |

**Exam:**

**General**
  Yes: PERRLA, Extraocular Movements Intact
**Ears**
  **External Ear**
    Yes: Within Normal Limits
    No: Draining
**Face**
  **General**
    Yes: Swelling
    No: Symmetric
**Mouth**
  **Mucosa**
    No: Trauma
**Neck**
  **General**
    Yes: Supple

**Exam Comments**
- abrasion mid forehead, measuring approximately 5x5cm in circular shape, has swelling with abrasion mid swelling left side of face overlying zygoma

**ASSESSMENT:**

Localized swelling, mass and lump, head, R220 - Current - *mid forehead*

**PLAN:**

**Disposition:**
  Follow-up at Sick Call as Needed

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/16/2018 | Counseling | Plan of Care | Kaiser, Kenneth | Verbalizes Understanding |
| | will follow up as needed | | | |

**Copay Required:** No      **Cosign Required:** Yes

**Telephone/Verbal Order:**  No

Completed by Kaiser, Kenneth PA-C on 04/16/2018 09:15
Requested to be cosigned by  Sommer, Diane MD, CD.
Cosign documentation will be displayed on the following page.

30

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Inmate Name: | DRAKE, JOSEPH F | | Reg #: | 00886-093 |
| Date of Birth: | 08/15/1971 | Sex:  M  Race:  ASIAN/PAC. | Facility: | CAA |
| Encounter Date: | 04/16/2018 13:00 | Provider:  Kabonick, M. EMT-P | Unit: | Z01 |

Injury Assessment - Non-work related encounter performed at Special Housing Unit.

**SUBJECTIVE:**

**INJURY  1**      **Provider:**   Kabonick, M. EMT-P

   **Date of Injury:** 04/16/2018 06:45      **Date Reported for Treatment:** 04/16/2018 13:00
   **Work Related:** No        **Work Assignment:** USP RECYCL
   **Pain Location:**
   **Pain Scale:** 0
   **Pain Qualities:**
   **Where Did Injury Happen (Be specific as to location):**
      Green Corridor
   **Cause of Injury (Inmate's Statement of how injury occurred):**
      Inmate involved in altercation with another inmate.
   **Symptoms (as reported by inmate):**
      Abrasions to face.

**OBJECTIVE:**
**Temperature:**

| Date | Time | | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|---|
| 04/16/2018 | 13:00 CAA | | 97.1 | 36.2 | Oral | Kabonick, M. EMT-P |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 04/16/2018 | 13:00 CAA | 90 | Via Machine | | Kabonick, M. EMT-P |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 04/16/2018 | 13:00 CAA | 16 | Kabonick, M. EMT-P |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 04/16/2018 | 13:00 CAA | 172/94 | Left Arm | Sitting | Adult-regular | Kabonick, M. EMT-P |

**O2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 04/16/2018 | 13:00 CAA | 100 | Room Air | Kabonick, M. EMT-P |

**Exam:**
   **General**
      **Affect**
         Yes: Cooperative
      **Appearance**
         Yes: Appears Well, Alert and Oriented x 3
         No: Appears Distressed, Lethargic, Dyspneic, Appears in Pain, Pale, Acutely Ill
   **Skin**

EXHIBIT- G2

| | | | |
|---|---|---|---|
| Inmate Name: DRAKE, JOSEPH F | | | Reg #: 00886-093 |
| Date of Birth: 08/15/1971 | Sex: M | Race: ASIAN/PAC. | Facility: CAA |
| Encounter Date: 04/16/2018 13:00 | Provider: Kabonick, M. EMT-P | | Unit: Z01 |

**Exam:**

**General**
  Yes: Within Normal Limits, Dry, Warmth
  No: Clammy, Cool, Diaphoretic
**Wound**
  Yes: Wounds present
**Trauma**
  Yes: Abrasion
  No: Deformity, Swelling, Edema, Hematoma, Laceration, Puncture Wound, Hemorrhage, Ecchymosis
**Head**
  **General**
    Yes: Symmetry of Motor Function, Atraumatic/Normocephalic, Abrasion(s)
  **Eyes**
    **General**
      Yes: PERRLA
    **Periorbital/Orbital/Lids**
      Yes: Normal Appearing
      No: Trauma
  **Ears**
    **External Ear**
      Yes: Within Normal Limits
      No: Trauma
  **Nose**
    **General**
      Yes: Nares Patent
      No: Deformity
  **Face**
    **General**
      Yes: Symmetric, Trauma
  **Lips**
    **General**
      Yes: Within Normal Limits
      No: Abrasion, Swelling, Bleeding, Laceration(s)
  **Mouth**
    **General**
      Yes: Within Normal Limits
    **Mucosa**
      Yes: Within Normal Limits
      No: Trauma
  **Neck**
    **General**
      Yes: Within Normal Limits, Supple, Symmetric, Full ROM
      No: Trauma
  **Pulmonary**
    **Observation/Inspection**
      Yes: Within Normal Limits
      No: Coughing, severe w production green/brown mucus, Respiratory Distress
  **Peripheral Vascular**

32

| | | | |
|---|---|---|---|
| Inmate Name:  DRAKE, JOSEPH F | | Reg #:  00886-093 | |
| Date of Birth:  08/15/1971 | Sex:  M   Race:  ASIAN/PAC. | Facility:  CAA | |
| Encounter Date:  04/16/2018 13:00 | Provider:  Kabonick, M. EMT-P | Unit:  Z01 | |

**Exam:**

**General**
Yes: Within Normal Limits

**Arms**
Yes: Radial Pulse Normal, Capillary Refill Normal

**Abdomen**
**Inspection**
Yes: Within Normal Limits
No: Trauma

**Musculoskeletal**
**Chest Wall**
Yes: Normal Exam
No: Trauma

**Back**
Yes: Normal Exam
No: Trauma

**Exam Comments**

Injury assessment perform on video due to use of force.

Abrasions across forehead, L. cheek, and L. chin.

Awake, Alert, and Oriented to Person, Place, and Time. No trauma or injuries noted to the Head, Neck, Eyes, Ears, Nose, Mouth, Chest, Back, Abdomen, Arms, Legs, or Hands. PEARRL. Skin is warm, dry, color is WNL. Lungs - speaking full sentences without difficulty or distress. Abdomen - unremarkable. Moves all extremities well, distal modalities intact.

**ASSESSMENT:**

Cut(s) and/or Abrasion(s)
Injury Classification: Minor Injury

**PLAN:**

**Disposition:**
Follow-up at Sick Call as Needed
Follow-up at Chronic Care Clinic as Needed
Discharged To Housing Unit with Medical Idle
Discharged to Housing Unit-No Restrictions
Notify Medical Duty Officer

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 04/16/2018 | Counseling | Wound Care | Kabonick, M. | Verbalizes Understanding |

Keep abrasions clean with soap and water.  Report to HSU staff if develop any S/S of infection.

33

| | | | |
|---|---|---|---|
| nmate Name: DRAKE, JOSEPH F | | | Reg #: 00886-093 |
| Date of Birth: 08/15/1971 | Sex: M | Race: ASIAN/PAC. | Facility: CAA |
| Encounter Date: 04/16/2018 13:00 | Provider: Kabonick, M. EMT-P | | Unit: Z01 |

**Copay Required:** No          **Cosign Required:** Yes

**Telephone/Verbal Order:** Yes          **By:** Sommer, Diane MD, CD

Telephone or Verbal order read back and verified.

Completed by Kabonick, M. EMT-P on 04/16/2018 14:53

Requested to be cosigned by Sommer, Diane MD, CD.

Cosign documentation will be displayed on the following page.

34

FBOP / USP CANAAN / USP TUCSON
PSYchology DEPARTMENT

I[My Mental and Emotional Distress Evaluation Report(s) with my progress session meeting notes] (?)

EXHIBIT - "H"

BP-A383.058
SEP 05

**INMATE PERSONAL PROPERTY RECORD** CDFRM

**U.S. DEPARTMENT OF JUSTICE**         **FEDERAL BUREAU OF PRISONS**

| Institution: FCC Tucson | 1. Name: Drake, Joseph | |
|---|---|---|
| 2. Register No: 00886-093 | 3. Unit: R&D | 4. Date & Time of Inventory: 9/14/18 |

5. Purpose of Inventory (Check one that applies): Date and Time of Action: 9/14/18  1200

  a. ___ Admission    b. ___ Hospital    c. ___ Writ    d. ___ Transfer    e. ___ Detention

  f. X Release    g. ___ Incoming Package    h. ___ Other (specify)

6. Disposition (Disp.)
D–Donated    M–Mail    S–Storage
K–Keep in Possession
C–Contraband (Attach BP-S102)

7. Type of Property:

**a. Personally Owned Items**

| # | Article | Disp. |
|---|---|---|
| | Batteries | |
| | Belt | |
| | Billfold | |
| | Books, Reading hard ___ soft ___ | |
| | Books, Religious hard ___ Soft ___ | |
| | Brassiere | |
| | Cap, Hat | |
| | Coat | |
| | Coins | |
| | Comb | |
| | Combination Lock | |
| | Dress | |
| | Driver's License | |
| | Earplugs | |
| | Eyeglass case | |
| | Eyeglasses | |
| | Gloves | |
| | Hairbrush/Pick | |
| | Handkerchief | |
| | Jacket | |
| | Jogging Suit | |
| | Legal Materials | |
| | Letters | |
| | Magazines | |
| | Mirror | |
| | Nail Clippers | |
| | Pant/Slacks | |
| | Pen/Ballpoint | |
| | Pencils | |
| | Personal Papers | |
| | Photo Album | |
| | Photo | |

| # | Article | Disp. |
|---|---|---|
| | Plastic spoon, cup | |
| | Playing Cards | |
| | Purse | |
| | Radio (w/earplug) | |
| | Religious Medal | |
| | Ring | |
| | Shirt/Blouse | |
| | Shoes | |
| | Shoes, shower | |
| | Shoes, Slippers | |
| | Shoes, Tennis | |
| | Shorts | |
| | Skirt | |
| | Slip | |
| | Social Security Card | |
| | Socks | |
| | Socks, Athletic | |
| | Stamps | |
| | Stockings | |
| | Sunglasses | |
| | Sweater | |
| | Sweat pant | |
| | Sweat Shirt | |
| | Trophy | |
| | T-Shirts | |
| | Underwear | |
| | Watch/Watchband | |

**b. Hygiene, etc.**

| # | Article | Disp. |
|---|---|---|
| | Dental Floss | |
| | Dentures | |
| | Deodorant | |
| | Hair oil | |
| | Noxema | |
| | Powder | |
| | Razor | |
| | Shampoo | |
| | Shaving lotion | |
| | Skin lotion | |
| | Soap dish | |
| | Toothbrush | |
| | Toothpaste | |

**c. Hobby craft**

| # | Article | Disp. |
|---|---|---|
| | | |

**d. Food/Tobacco items**

| # | Article | Disp. |
|---|---|---|
| | Chewing tobacco | |
| | Snuff | |
| | Coffeemate | |
| | Cold drink mix, soda | |
| | Fruit | |
| | Honey, Hi-protein | |
| | Instant chocolate | |
| | Instant coffee | |

**e. Miscellaneous** (List any damaged property and from where it was received; e.g. U.S. Marshal)

8. Items Alleged by Inmate to Have Value Over $100.00

    Description of Property          Value Alleged by Inmate

_No individual item over $100.00

9. Article(s) listed as "Mail" (M) Are to be forwarded to (Name and Address of Consignee):

10. Claim Release: a. The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify it's accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.

COMMENTS:

Printed Name/Signature of Receiving Officer: X _____    Date: 9/14/18    Time: 1200

I have today reviewed the property returned to me.   X _____    00886-093   9/14/18   1200
                             Signature of Inmate        Register #    Date    Time

b. Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve the discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under COMMENTS.

COMMENTS:

Printed Name/Signature of Receiving Officer: _____    Date: _____    Time: _____

I have today reviewed the property returned to me.   X _____    00886-093   9/14/18   1200
                             Signature of Inmate        Register #    Date    Time

Original: Central File; Copy: Inmate, R&D, Special Housing
(This form may be replicated by WP)

*EXHIBIT-I*

Replaces of BP-S383 of AUG 94

USP LVN

BP-S407.058    ACKNOWLEDGMENT OF INMATE, PART I & 2    CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

This form is to be completed by each inmate upon initial entry into the custody of the BOP.  Staff shall also complete and sign as appropriate.  The form is then re-completed only when the inmate desires a change in any section.

| Inmates Name: DRAKE, JOSEPH | Register No.: 00886-093 | Institution: FCC Tucson |

## 1. CORRESPONDENCE

The staff of each institution of the Bureau of Prisons has the authority to open all mail addressed to you before it is delivered to you.  ASpecial Mail@ (mail from the President and Vice President of the U.S., Attorneys, Members of the U.S. Congress, Embassies and Consulates, the U.S. Department of Justice (excluding the Bureau of Prisons but including U.S. Attorneys), other Federal law enforcement officers, State Attorney General, Prosecuting Attorneys, Governors, U.S. Courts, (including U.S. Probation Officers and State Courts) may be opened only in your presence to be checked for contraband.  This procedure occurs only if the sender adequately identifies himself or herself on the envelope and the front of the envelope is marked ASpecial Mail-Open only in the presence of the inmate.@ Other mail may be opened and read by the staff.

If you do not want your general correspondence opened and read, the Bureau will return it to the Postal Service. This means that you will not receive such mail.  You may choose whether you want your general correspondence delivered to you subject to the above conditions, or returned to the Postal Service.  Whatever your choice, special mail will be delivered to you, after it is opened in your presence and checked for contraband.  You can make your choice by signing Part I or Part II.

### Part I - General Correspondence to be Returned to the Postal Service

I have read or had read to me the foregoing notice regarding mail.  I do not want my general correspondence opened and read.  I REQUEST THAT THE BUREAU OF PRISONS RETURN MY GENERAL CORRESPONDENCE TO THE POSTAL SERVICE. I understand that special mail will be delivered to me, after it is opened in my presence and checked for contraband.

| Signature of Inmate | Register No.: | Date: |

### Part II - General Correspondence to be Opened, Read and Delivered

I have read or had read to me the foregoing notice regarding mail, I WISH TO RECEIVE MY GENERAL CORRESPONDENCE. I understand that the Bureau of Prisons may open and read my general correspondence if I choose to receive same. I also understand that special mail will be delivered to me, after it is opened in my presence and checked for contraband.

| Signature of Inmate | Register No.: 00886-093 | Date: 9·14·18 |

Inmate refused to sign this form.  He (she) was advised by me that his (her) refusal to sign this form will be interpreted as an indication that he (she) does not authorize the Bureau of Prisons to endorse on his (her) behalf all checks, money orders, or bank drafts, or other forms of negotiable instruments for deposit to his (her) credit in the Prisoner=s Trust Fund Account and that he (she) will not be able to receive such funds while confined.

| Printed Name/Signature of Staff Member | Date: |

## 2. AUTHORIZATION FOR DISPOSITION OF FUNDS

While confined within a prison facility under custody of the U.S. Attorney General or the Attorney General=s designee(s), an inmate is prohibited from directly receiving or possessing (unless specifically authorized by the local institution) U.S. currency or checks, or other forms of negotiable instruments.  To account for funds received on behalf of the inmate, the Bureau of Prisons establishes for each inmate a Prisoner=s Trust Fund Account.  The Director, Bureau of Prisons, or the Director=s authorized designee(s) serves as the custodian of any and all funds received by an inmate while the inmate is incarcerated in the custody of the U.S. Attorney General.

I hereby (authorize) (do not authorize) (cross out one) the Director, Bureau of Prisons, or the Director=s authorized designee(s), and the Warden or the Warden=s authorized designee(s) in this or in any other federal institution in which I may later be confined, to sign my name as endorsement on all checks, money orders, or bank drafts, or other forms of negotiable instruments, for deposit to my credit in the Prisoner=s Trust Fund Account, as long as I am a prisoner in the Bureau of Prisons.  I understand that by not providing this authorization, I will not be able to receive checks, money orders, or bank drafts, or other forms of negotiable instruments while confined.

I further understand that all negotiable instruments sent to me should reference my name and register number in order to provide for proper deposit to my account.  If my name and register number are not referenced the institution mail room officer may return the negotiable instrument to the sender.

| Signature of Inmate | Register No.: 00886-093 | Date: 9·14·18 |

Inmate refused to sign this form.  He (she) was advised by me that his (her) refusal to sign this form will be interpreted as an indication that he (she) does not authorize the Bureau of Prisons to endorse on his (her) behalf all checks, money orders, or bank drafts, or other forms of negotiable instruments for deposit to his (her) credit in the Prisoner=s Trust Fund Account and that he (she) will not be able to receive such funds while confined.

| Printed Name/Signature of Staff Member | Date: 9·14·18 |

Record Copy - Central File; Copy - Inmate                    Replaces BP-407(58) of OCT 88
(This form may be replicated via WP)

EXHIBIT- J

BP-S408.058    ACKNOWLEDGMENT OF INMATE, PART 3 & 4    CDFRM
MAY 94
**U.S. DEPARTMENT OF JUSTICE**                **FEDERAL BUREAU OF PRISONS**

### 3. MONITORING OF INMATE TELEPHONE CALLS

The Bureau of Prisons reserves the authority to monitor (this includes recording) conversations on any telephone located within its institutions, said monitoring to be done to preserve the security and orderly management of the institution and to protect the public. An inmate=s use of institutional telephones constitutes consent to this monitoring.  A properly placed phone call to an attorney is not monitored.  You must contact your unit team to request an unmonitored attorney call.

I have read or had read to me (cross out one) the above notification on the monitoring of inmate telephone calls.  I understand that telephone calls I make from institution telephones may be monitored and recorded.

Signature of Inmate _Gerald Rodriguez_                          Date: 9·14·18

hereby certify that the above information was (cross out incorrect statements) (provided to the inmate to read) and/or was (read and fully explained by me to the above inmate).  The inmate (signed) (refused) to sign.

Printed Name/Signature of Staff Member _Santa Cn_        Date _09/14/2018_

### 4. NOTIFICATION IN CASE OF DEATH/ILLNESS, DISPOSITION OF PROPERTY

In the event I should die, I direct that my ___Friend___, whose name is __JOSEPH Z. SALOUA__
                                            (Relationship)
and whose address is __P.O. Box 7344 Agati Guam__  __96928__
                        (Street)          (City)    (State)                (Zip Code)
_(91- (565-7412)_ be notified.       _c.w_
   (Telephone Number)               _9.27.18_

In the event the Bureau of Prisons staff is unable to locate the above designated person, following a reasonable search, I authorize the substitution of the following person in his or her stead.

(Name)              (Relationship)              (Address)              (Telephone Number)

I authorize the Bureau of Prisons to transmit my property and personal effects including money remaining to my credit in, or due me from the Bureau of Prisons to my next of kin in accordance with state law.

I agree further that disposition may be made of my personal property located within the prison facility, including clothing, in accordance with the rules and regulations of the Bureau of Prisons.

In case of serious illness or other emergency the above named persons may be contacted to be notified of my condition.  I also desire and authorize that the following be notified.

Name _Same as above_ Relationship            Address            Telephone Number

Signature of Inmate _Gerald Rodriguez_                          Date: 9·14·18

I hereby certify that the above notification was (cross out incorrect statements) (provided to the inmate to read) and/or was (read and fully explained by me to the above named inmate) before the inmate (voluntarily signed) (refused to sign) this notification, this _14th_ day of _September_, 20 _18_.

                                                                        9·14·18
Printed Name/Signature of Staff Member _Santa Cn_            Date: 9·14·18

Record Copy - Central File; Copy - Inmate

(This form may be replicated via WP)              This form replaces BP-408(58) dated August 1991.

BP-A0518
JUN 10

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

## INSTITUTION ADMISSION AND ORIENTATION PROGRAM CHECKLIST

| Inmate's Name | Drake | Register No. 00686-093 | Institution USP TUCSON |
|---|---|---|---|

| # | Program Content | Authorized Staff | Date |
|---|---|---|---|
| | | CLOSED | 9·20·18 |
| 1. | UNICOR Interview | CORRECTIONAL SVC | 9·20·18 |
| 2. | Correctional Services | HEALTH SVC | 9·20·18 |
| 3. | Medical Services (including AIDS film & Lecture) | RELIGIOUS SVC | 9·20·18 |
| 4. | Chaplaincy Services | CSD | 9·20·18 |
| 5. | Inmate Systems/ Records Office/ R&D/ Mail Room | TRUST FUND | 9·20·18 |
| 6. | Commissary Services/ Inmate Accounts | TRUST FUND | 9·20·18 |
| 7. | Clothing Requests/ Laundry Procedures | FOOD SERVICES | 9·20·18 |
| 8. | Food Service | PSYCHOLOGY SVC | 9·20·18 |
| 9. | Psychology Services/Drug Abuse Program | PSYCHOLOGY SVC | 9·20·18 |
| 10. | Sexual Abuse/Assault Prevention and Intervention | PSYCHOLOGY SVC | 9·20·18 |
| 11. | Diversity in the Criminal Justice System | SAFETY | 9·20·18 |
| 12. | Safety and Sanitation | SAFETY | 9·20·18 |
| 13. | Inmate Accident Compensation | FACILITIES | 9·20·18 |
| 14. | Facilities / Mechanical Services | EDUCATION | 9·20·18 |
| 15. | Educational Services | REENTRY COORD | 9·20·18 |
| 16. | Veterans / Social Security Benefits | CMC | 9·20·18 |
| 17. | Treaty Transfer of Offenders to Foreign Countries | REENTRY COORD | 9·20·18 |
| 18. | Selective Service System / BOP Registration Program | CMC | 9·20·18 |
| 19. | Inmate Financial Responsibility Program | CMC | 9·20·18 |
| 20. | Community-Based Activities | EDUCATION | 9·20·18 |
| 21. | Release Preparation Program | ASSOC WARDEN/UM | 9·20·18 |
| 22. | Administrative Remedy Program | UNIT MANAGEMENT | 9·20·18 |
| 23. | Unit Management | CORRECTIONAL SVC | 9·20·18 |
| 24. | Visiting | CORRECTIONAL SVC | 9·20·18 |
| 25. | Telephone Regulations / Procedures | REENTRY COORD | 9·20·18 |
| 26. | REENTRY | RECREATION SVC | 9·20·18 |
| 27. | RECREATION | ASSOCIATE WARDEN | 9·20·18 |
| 28. | ASSOCIATE WARDEN | WARDEN | 9·20·18 |
| 29. | WARDEN | | 9·20·18 |
| 30. | | | |

Comments:

| I have attended all classes of the A & O Program as listed above. Signature of Inmate X | Date 9·20·18 | Unit D1-211 |
|---|---|---|

Central File - Section 3

**SECTION 3**

FILE IN SECTION 3 UNLESS APPROPRIATE FOR PRIVACY FOLDER

PDF

Prescribed by P5264

Replaces BP-S518.052 dated Sept 99

*EXHIBIT-"K"*

OPI:            OGC/ELE
NUMBER:         3420.11
DATE:           12/6/2013
SUBJECT:        <u>Standards</u> <u>of</u> <u>Employee</u> <u>Conduct</u>



**U.S. Department of Justice**

Federal Bureau of Prisons

# Program Statement

OPI:      OGC/ELE

NUMBER:   3420.11

DATE:     12/6/2013

SUBJECT:  <u>Standards</u> <u>of</u> <u>Employee</u> <u>Conduct</u>

*/s/*

*Approved*: Charles E. Samuels, Jr.

Director, Federal Bureau of Prisons

## 1. PURPOSE AND SCOPE

To provide policies and procedures, referred to as the "Standards of Conduct," to complement those issued by the Office of Government Ethics on:

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*EXHIBIT - L*

Employee conduct and responsibility.

Ethics in matters involving conflicts of interest.

Post-employment restrictions.

Procurement integrity issues.

Attorney ethics.

Outside employment.

These standards apply to all employees of the Bureau of Prisons (Bureau), including employees of the Public Health Service and the National Institute of Corrections, and to any person detailed to any of those agencies under the Intergovernmental Personnel Act.

Such employees are subject to certain standards and prohibitions - some statutory, some regulatory, and some a matter of good ethical principles that are essential to the efficiency of the organization.

Contractors and volunteers working in Bureau facilities also are expected to conduct themselves by these standards, where applicable.

While issuances from the Office of Government Ethics and the Department of Justice address the basic standards and prohibitions applicable to Bureau employees, this Program Statement more specifically addresses situations that especially apply to Bureau employment. It cannot, however, attempt to detail every incident that could violate the Standards of Conduct.

a. **Summary of Changes**

*Directive Rescinded*

P3420.09  **Standards** of **Employee** **Conduct** (2/05/99)

Changes in this issuance include:

Specifying illegal drugs prohibited under Section 5, Personal Conduct.

Eliminating the moving traffic violations reporting requirement under Section 7, Illegal Activities.

Greater changes include those found under the Introduction of Contraband, Government Property, and Outside Employment sections.

b. **Program Objectives.** The expected results of this program are:

progstat                                           2
© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Employees will conduct themselves in a manner that fosters respect for the Bureau of Prisons, the Department of Justice, and the U.S. Government.

Employees will avoid situations that involve conflicts of interest with their employment.

Employees will comply with restrictions on employment outside the Bureau and after employment with the Bureau.

Employees will conform to procurement integrity regulations.

Employees will uphold the ethical rules governing their professions.

Employees will immediately report any violation, or apparent violation, of standards of conduct to their Chief Executive Officer (CEO) or another appropriate authority.

Employees who fail to conduct themselves in accordance with these standards will be subject to appropriate sanctions.

## 2. DEFINITIONS

For the purposes of this Program Statement, the following definitions apply:

a.  **Chief Executive Officer (CEO)**.  The Warden at institutions, the Director at staff training centers, the Residential Reentry Manager at residential reentry field offices, the Regional Director at regional offices, and the Assistant Director of each division at the Central Office.  The CEO ensures that staff are made aware of updates and revisions that affect employee conduct.

b.  **Conflict of Interest**.  A conflict of interest exists where responsibilities as a public servant affect, or are affected by, the employee's private interests.

c.  **During the Conduct of a Procurement**.  The time between the beginning and end of a procurement.  The conduct of a procurement begins on the earliest date an authorized official directs that a specific action be taken to initiate a procurement.  These actions include:

Drafting a specification or a statement of work.

Reviewing and approving a specification.

Computing requirements or a purchase request.

Preparing or issuing a solicitation.

Evaluating bids or proposals.

Selecting sources.

progstat                                3

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Conducting negotiations.

Reviewing and approving the award of a contract or contract modification.

The conduct of a procurement ends with the award or modification of a contract or the cancellation of the procurement.

d.  **Employment**.  Any form of employment or business relationship involving the provision of personal services by the employee, whether undertaken at the same time as or subsequent to current Federal employment.  It includes, but is not limited to, personal services as an officer, director, employee, agent, attorney, consultant, contractor, general partner, or trustee.

e.  **Former Inmate**.  An inmate for whom less than one year has elapsed since his/her release from Bureau custody or supervision of a Federal court (see definition of "inmate" in Section 2.g.), whichever is later.

f.  **Illegal Drugs**.  Controlled substances acquired in violation of Federal law.

g.  **Inmate**.  Persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses against the United States, D.C. Code felony offenders, and persons held as witnesses, detainees, or otherwise.

h.  **Law Enforcement Agency**.  Any local, state, or Federal entity established to carry out and enforce the criminal law.

I.  **Negotiations**.  Discussion or communication with another person, or a person's agent or intermediary, mutually conducted with a view toward reaching an agreement regarding possible employment with that person.

j.  **Official Investigation**.  Includes, but is not limited to, investigations conducted by the Federal Bureau of Investigation, Office of the Inspector General, Office of Professional Responsibility, Office of Internal Affairs, Office of Personnel Management, Special Investigative Agent, Special Investigative Supervisor, Equal Employment Opportunity Investigator, or any other official investigation authorized by the CEO.

k.  **Participate**.  To take action as an employee through decision, approval, disapproval, recommendation, rendering of advice, or investigation (applies to Sections 14 through 19 of this Program Statement).

l.  **Particular Matter**.  Matters that involve deliberation, decision, or action that is focused upon the interests of specific persons, or a discrete and identifiable class of persons.  The particular matters covered by this subpart include a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, or arrest.

progstat
4
© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

m. **Procurement Official**.  Any officer or employee of an agency who has participated personally and substantially in any activities involved "during the conduct of a procurement."  This definition extends to contractors, subcontractors, consultants, experts, and advisors acting on behalf of, or providing advice to, an agency with respect to procurement (see Section 2.c.).

## 3.  PUBLICATION AND INTERPRETATION

The CEO **of** each facility has the primary responsibility for ensuring that the **Standards of Employee Conduct** are provided and made known to each **employee**, contractor, and volunteer.  The CEO must ensure that staff are made aware **of** updates and revisions that affect **employee conduct** and receive annual training on their responsibilities under this policy.

Per 5 CFR §2635.107, only actions made in reliance upon advice concerning ethical issues, received from the Ethics Office, will be protected from disciplinary action.  No other authority may provide the employee this protection.

Where the employee's conduct violates a criminal statute, reliance on the advice of an ethics official cannot ensure he/she will not be prosecuted.

Each new employee, contractor, and volunteer must receive and sign for this Program Statement at the time of appointment.

Employees, contractors, and volunteers receive and sign for updated versions of this Program Statement when issued.  The form Acknowledgement of Receipt of Standards of Employee Conduct (BP-A0165) is filed on the left side of the Official Personnel Folder.

Employee Development Managers, Volunteer Coordinators, or other designated staff ensure that supervisors and employees receive annual training on their responsibilities under this policy.

## 4.  GENERAL POLICY

Bureau employees are governed by regulations in 5 CFR Part 2635.  While this Program Statement clarifies the applications of those regulations in the Bureau, it does not and cannot specify every incident that would violate the Standards of Conduct.

In general, the Bureau expects its employees to conduct themselves in such a manner that their activities both on and off duty do not discredit the agency.  Employees must:

Conduct themselves in a manner that fosters respect for the Bureau of Prisons, the Department of Justice, and the U.S. Government.

Only arrest in their official capacity as permitted by 18 U.S.C. § 3050 and other relevant provisions of the United States Code, the Program Statements **Searching, Detaining, or Arresting Visitors to Bureau Grounds and Facilities** and **Staff Entrance and Search**

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Procedures**, or other authority officially granted to them.

Endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards promulgated in this policy and the statutes.

Avoid conflicts of interest in matters that affect their financial interests.

Comply with post-employment restrictions.

Conform to procurement integrity regulations.

Uphold the ethical rules governing their professions, including complying with applicable licensing authority rules, except when they conflict with Federal law.

Follow special rules to avoid conflicts of interest when seeking employment outside the Bureau.

As soon as practicable (but no later than 24 hours) report to their CEO (or other appropriate authority such as the Office of Internal Affairs or the Office of the Inspector General) any violation, appearance of a violation, or attempted violation of these Standards or of any law, rule, or regulation.

Every employee is required to immediately report to management any act or omission by any person that could result in a breach of institution security.

Failure by employees to follow these regulations and policy or any other Bureau policy or relevant regulation(s) could result in disciplinary action, up to and including removal (see Attachment A).

## 5. PERSONAL CONDUCT

Employees are expected to conduct themselves in a manner that contributes to the orderly running of Bureau facilities. Some types of behavior cannot be tolerated in the Bureau:

a. **Alcohol/Illegal Drugs.** The use of illegal drugs or the abuse of any drug, including prescription-controlled substances, is strictly prohibited. Illegal drugs include, but are not limited to:

Marijuana.

Cocaine.

Ecstasy.

Heroin.

Amphetamines ("speed" or "crank").

progstat                                             6
© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Lysergic Acid Diethylamide (LSD).

Use of alcoholic beverages or being under the influence of alcohol while on duty or immediately before reporting for duty are prohibited. Employees are subject to disciplinary action if found to possess a .02 or greater blood alcohol content while on duty.

b.  **Sexual Relationships/Contact With Inmates.**  Employees may not allow themselves to show partiality toward, or become emotionally, physically, sexually, or financially involved with inmates, former inmates, or persons known (or who should have been known based on circumstances) to the employee as a family member or close friend of inmates or former inmates.

Chaplains, psychologists, and psychiatrists may continue a previously established therapeutic relationship with a former inmate in accordance with their codes of professional conduct and responsibility.

Bureau staff may not serve as program volunteers in religious services and educational programs. Under no circumstances are staff volunteers authorized to participate in inmate programs on a regular or occasional basis.

An employee may not engage in, or allow another person to engage in, sexual behavior with an inmate. There is never any such thing as *consensual* sex between staff and inmates.

Title 18, U.S. Code Chapter 109A provides penalties of up to life imprisonment for sexual abuse of inmates where the force is used or threatened.  _Sexual contact_ is defined as the intentional touching of the genitalia, anus, groin, breast, inner thigh, or buttocks with the intent to abuse, humiliate, harass, degrade, arouse, or gratify the sexual desire of any person.

Penetration is not required to support a conviction for sexual contact. All allegations of sexual abuse will be thoroughly investigated and, when appropriate, referred to authorities for prosecution.

Employees are subject to administrative action, up to and including removal, for any inappropriate contact, sexual behavior, or relationship with inmates, regardless of whether such contact constitutes a prosecutable crime.  Physical contact is not required to subject an employee to sanctions for misconduct of a sexual nature.

c.  **Additional Conduct Issues.**  An employee may not offer or give to an inmate or a former inmate or any member of his/her family, or to any person known to be associated with an inmate or former inmate, any article, favor, or service that is not authorized in the performance of the employee's duties.

Neither shall an employee accept any gift, personal service, or favor from an inmate or former inmate, or from anyone known to be associated with or related to an inmate or former inmate.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

This prohibition includes becoming involved with families or associates of inmates.

An employee may not show favoritism or give preferential treatment to one inmate, or a group of inmates, over another.

Consistent with policies and regulations:

An employee may not use brutality, physical violence, or intimidation toward inmates, or use any force beyond what is reasonably necessary to subdue an inmate.

An employee may not use physical violence, threats, or intimidation toward any person visiting a Bureau work site or toward fellow employees.

In their official capacity, employees may not use profane, obscene, or abusive language *or be intimidating* when communicating with inmates, fellow employees, or others. Employees shall conduct themselves in a manner that will not be demeaning to inmates, fellow employees, or others. The above requirements also apply to situations where there is a nexus between the employee's conduct and his/her position.

An employee who becomes involved in circumstances as described in this section, Section 9 (or any situation that might give the appearance of improper involvement with inmates or former inmates or their families, including employees whose relatives are inmates or former inmates) must report the contact in writing to the CEO as soon as practicable. (This includes, but is not limited to, telephone calls or written communications with such persons outside the normal scope of employment.) The employee will then be instructed as to the appropriate course of action.

Exempted program officials must obtain prior approval to communicate with former inmates, their family members, or associates. **All communications must occur from an institution setting.**

Employees must avoid situations that give rise to a conflict of interest or the appearance of a conflict of interest (see Section 2, Definitions).

Employees shall not participate in conduct that would lead a reasonable person to question their impartiality.

## 6. RESPONSIVENESS

Inattention to duty in a correctional environment can result in escapes, assaults, and other incidents. Employees are required to remain fully alert and attentive during duty hours.

Because failure to respond to an emergency may jeopardize the security of the institution, as well as the lives of staff or inmates, it is mandatory that employees respond immediately, effectively, and appropriately during all emergency situations.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Employees are to obey the orders of their superiors at all times. In an emergency situation, carrying out the orders of those in command is imperative to ensure the security of the institution.

## 7. ILLEGAL ACTIVITIES

Illegal activities on the part of any employee, in addition to being unlawful, reflect on the integrity of the Bureau and betray the trust and confidence placed in it by the public.

It is expected that employees obey not only the letter of the law, but also the spirit of the law while engaged in personal or official activities.

Should an employee be charged with, arrested for, or convicted of any felony or misdemeanor, that employee must immediately inform and provide a written report to the CEO.

## 8. INTRODUCTION OF CONTRABAND

Per 28 CFR § 500.1(h), contraband is defined as "material prohibited by law, or by regulation, or material which can reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution."

Introducing or attempting to introduce contraband into or upon the grounds of any Federal correctional institution, or taking or attempting to take contraband out of it, without the CEO's knowledge and consent, is prohibited.

Staff may bring personal items into or upon the grounds of an institution, unless otherwise prohibited by the Warden. Such items must remain in the possession of the employee, and /or be secured away from inmates, and disposed of properly when no longer needed. Consult the Program Statement **Staff Entrance and Search Procedures** for additional requirements.

## 9. OFFICIAL INVESTIGATION

It is not the policy of the Bureau to routinely search employees or their property; however, the Bureau retains the right to conduct searches of employees when such a search is believed necessary to ensure institution security and good order. Searches are conducted in accordance with the Program Statement **Staff Entrance and Search Procedures**. Representation will be afforded to staff in accordance with the Master Agreement and Title 5.

During the course of an official investigation, employees are to cooperate fully by providing all pertinent information they may have. Full cooperation requires truthfully responding to questions and providing a signed affidavit if requested. Any employee who fails to cooperate fully or who hinders an investigation is subject to disciplinary action, up to and including removal.

In official investigations conducted by the Bureau of Prisons, an employee will be provided a copy of his/her signed affidavit upon request, absent rare or exigent circumstances. If this occurs, staff

progstat                                                                                              9

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

will be given the opportunity to review prior affidavits before giving another affidavit.

Employees must respond truthfully and in a timely manner to requests for information related to their background security investigation. Failure to do so may result in disciplinary action up to and including removal. Form BP-A0194, Warning and Assurance to Employee Required to Provide Information, will be provided upon request to the employee who is the subject of the investigation.

## 10. JUST DEBTS

Failure on the part of any employee, without good reason and in a timely manner, to honor debts acknowledged by him/her to be valid or reduced to judgment by a court, or to adhere to satisfactory arrangements for the settlement of the debts, may be cause for disciplinary action.

Depending on the circumstances, an employee who receives a legally valid garnishment order may be subject to disciplinary action.

## 11. CONFIDENTIALITY

Employees of the Bureau have access to official information ranging from personal data concerning staff and inmates to information involving security. Because of the varying degrees of sensitivity, such information may be disclosed or released only as required in the performance of an employee's duties or upon specific authorization from someone who has the authority to release official information. The only persons so authorized are:

In the Central Office, the Director or designee.

In a Regional Office, the Regional Director or designee.

In other locations, the CEO or designee.

The above shall not be construed as a reason to deny authorized persons access to official records and files. The Bureau has an obligation to supply official information in response to requests from organizations or individuals who have been properly identified and are acting in an official capacity.

To ensure the proper use of official information, the following rules of conduct are established:

Employees must verify the identification and authority of individuals requesting access to information before giving or discussing records, personnel files, or other official information.

Employees may not deny authorized persons access to official information.

Employees may not use, or release for use, official information for private purposes unless that



progstat                                                                 10
© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

information is available to the general public.

Employees may not remove information from files or make copies of records or documents, except in accordance with established procedures or upon proper authorization.

Employees may not make statements or release official information that could breach the security of the institution or endanger any person.

Employees must guard against providing or disclosing official information to persons without a valid need to know.

Former employees may be granted access only to information available to the general public and have no greater standing than the general public, irrespective of their past employment and any associations developed during it.

## 12. GOVERNMENT PROPERTY

Government property is to be used for authorized purposes only. Authorized purposes include personal use of Government office equipment such as computers, printers, fax machines, telephones, copiers, calculators, and Government-issued cellular phones, provided there is only a negligible cost to the Government.

Personal use of office equipment may take place before or after official working hours or during non-paid meal breaks.

Negligible costs are those which have no adverse impact to the Government and include, but are not limited to, the cost of electricity, ink, and ordinary wear and tear. Employees must provide their own paper.

Personal use of office equipment will not take place during official working hours, with the following exceptions:

a. **Office and Cellular Telephones**. Employees may place a personal call on a Government telephone during official working hours if the call:

Does not adversely affect the performance of official duties by the employee or the Bureau.

Is of reasonable duration and frequency.

Could not reasonably have been made at another time.

Is within the employee's local commuting area (not applicable to cellular telephones).

b. **Fitness Equipment**. Employees may use Government-owned fitness equipment during breaks if such equipment is intended exclusively for employee use.

progstat                                              11

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

available in the Records and Information Disposition Schedule (RIDS) system on Sallyport.

## Attachment A.  Standard Schedule of Disciplinary Offenses and Penalties

1.  This table is intended to be used as a guide in determining appropriate discipline to propose according to the type of offense committed.  The offenses listed are not inclusive of all offenses.

2.  Ordinarily, penalties proposed should be within the range of penalties provided for an offense. In aggravated cases, a penalty outside the range of penalties may be imposed.  For example, supervisors, because of their responsibility to demonstrate exemplary behavior, may be subject to a greater penalty than is provided in the range of penalties.  When a more severe penalty than provided for in the range of penalties is proposed, the notice of proposed action must provide a justification.

3.  The deciding official considers relevant circumstances, including mitigating and aggravating factors, when determining the appropriate penalty.  The range of penalties provided for most offenses is intentionally broad, ranging from official reprimand to removal.  While the principles of progressive discipline are normally applied, it is understood that there are offenses so egregious as to warrant severe sanctions for the first offense, up to and including removal.  For example, if an incident is of a sexual nature or includes sexual harassment or is a criminal matter, the penalty must be more severe.  This is especially true in cases where there is no indication that the employee would be corrected by a lesser penalty, or if the offense is of such a nature that reoccurrence could jeopardize security or bring disrepute on the Bureau of Prisons.  For example, if an employee failed to respond to an emergency, even if that emergency turned out to be a false alarm, removal would be appropriate if the deciding official was not convinced that the employee would respond promptly to any future emergency.

4.  Where appropriate, consideration may be given to a demotion or other action in lieu of removal.

5.  Suspension penalties on this schedule refer to calendar days.  Except for emergency suspensions and indefinite suspensions, all disciplinary suspensions begin on the first workday of the employee's next regularly scheduled work week.

6.  The reckoning period is defined as that period of time following the date management becomes aware of the offense, during which that offense can be used to determine the sanction for a subsequent offense.

7.  Offenses falling within the reckoning period, even though unrelated, should be considered when determining the appropriate action.

8.  Where the deciding official substitutes a letter of reprimand in lieu of a greater proposed sanction, the letter of reprimand itself is to be separate from the decision letter and is not to refer

progstat                                    20

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | | | | |
|---|---|---|---|---|---|
| production. | | | | | |
| 5. Failure or delay in carrying out work assignments, or instructions of superiors. | Includes anyone with authority to give such assignments or functions. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 6. Failure or delay in carrying out a direct order. | Includes anyone with authority to give such orders. | 3-day suspension to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 7. Inattention to duty. | Potential danger to safety of persons and/or actual damage to property is considered in determining severity of the penalty, as is potential or actual adverse impact on Government operation. Includes, but is not limited to, loafing, wasting time, idleness, or unproductive activities. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 8. Insubordi-nation. | Disobedience to constituted authorities, or refusal to carry out a proper order from any | 14-day suspension to removal. | 15-day suspension to removal. | Removal. | 2 years. |

progstat                                                    22

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | of the penalty. | | | | |
| --- | --- | --- | --- | --- | --- |

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
| --- | --- | --- | --- | --- | --- |
| 13. Failure to respond immediately to an emergency situation. | Potential danger to safety of persons and/or damage to property is a primary consideration in determining severity of the penalty. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 14. Failure to observe safety precautions. | Includes: (1) Precautions for personal safety. (2) Posted rules. (3) Signs. (4) Written or oral safety instructions. (5) Failure to use protective clothing and equipment. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 15. Endangering the safety of or causing injury to staff, inmates, or others through carelessness or | | 7-day suspension to removal. | 14-day suspension to removal. | Removal. | 2 years. |

progstat

24

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | | | | |
|---|---|---|---|---|---|
| unlawful betting on Government-owned or -leased premises. | | reprimand to 10-day suspension. | suspension to removal. | suspension to removal. | |
| 24. Promotion of gambling on Government-owned or -leased premises. | | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 25. Physical abuse of an inmate. | In determining the severity of the penalty, the circumstances of the incident (were the employee's actions totally unwarranted?) should be given more consideration than the presence or absence of physical injury. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 26. Soliciting gifts, favors, or bribes in connection with official duties. | | 7 day suspension to removal. | 14-day suspension to removal. | Removal. | 2 years. |

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | | | | |
|---|---|---|---|---|---|
| inquiry. | | | | | |
| 36. Refusal to undergo a search of person or property. | | Removal. | Removal. | Removal. | 2 years. |
| 37. Criminal, dishonest, infamous, or notoriously disgraceful conduct. | Includes conduct on or off duty. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 38. Conduct that could lead others to question an employee's impartiality. | Includes, but is not limited to, a financial, sexual, or emotional relationship with a subordinate in a supervisor's chain of command. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
|---|---|---|---|---|---|
| 39. Discrimina-tion in official action | | Official reprimand | 14-day suspension | Removal. | 2 years. |

progstat                                            31

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | | | | |
|---|---|---|---|---|---|
| 47. Release of information that could breach the security of the institution. | Consequences or potential consequences is a primary consideration in determining severity of the penalty. | 3-day suspension to removal. | 5-day suspension to removal. | 14-day suspension to removal. | 2 years. |

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
|---|---|---|---|---|---|
| 48. Improper denial of official information to an authorized official. | | Official reprimand to 5-day suspension. | 5-day to 14-day suspension. | 14-day suspension to removal. | 2 years. |
| 49. Breach of facility security. | | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |
| 50. Failure to report any breach or possible breach of facility security. | | 1-day suspension to removal. | 5-day suspension to removal. | 14-day suspension to removal. | 2 years. |
| 51. Introduction of contraband. | Nature of article and degree of | 10-day suspension | 15-day suspension | Removal. | 2 years. |

progstat                                             34

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| | | | | | |
|---|---|---|---|---|---|
| | involvement<br><br>are primary considerations in determining severity of the penalty. | to removal. | to removal. | | |
| 52. Engaging<br><br>in outside employment without approval. | | Official reprimand. | 5-day suspension<br><br>to removal. | 14-day suspension<br><br>to removal. | 2 years. |
| 53. Failure to honor just debts without good cause. | A just financial obligation is one acknowledged by the employee, reduced<br><br>to judgment by a<br><br>court, or arranged by settlement. | Official reprimand<br><br>to 5-day suspension. | 5-day to<br><br>14-day suspension. | 14-day suspension<br><br>to removal. | 2 years. |

| NATURE OF OFFENSE | EXPLANATION | FIRST OFFENSE | SECOND OFFENSE | THIRD OFFENSE | RECKONI PERIOD |
|---|---|---|---|---|---|
| 54. Failure to report arrest. | | Official reprimand. | 5-day suspension<br><br>to removal. | 14-day suspension<br><br>to removal. | 2 years. |
| 55. Misconduct | | Official reprimand | 5-day suspension | 14-day suspension | 2 years. |

progstat                                            35

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

| off the job. | | to removal. | to removal. | to removal. | |
|---|---|---|---|---|---|
| 56. Failure to report a violation of the Standards of Conduct, or retaliation or discrimination against those who make such a report. | Offense includes failure to report violation of Program Statement, Government ethics regulations, EEO laws, and criminal laws.  In particular, supervisors or managers must report sexual harassment observed by or reported to them.  No retaliation can be taken against staff or inmates who report any such violations. | Official reprimand to removal. | 14-day suspension to removal. | Removal. | 2 years. |

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

OPI:       CPD/CSB
NUMBER:    5270.09
DATE:      July 8, 2011
SUBJECT:   Inmate Discipline Program



U.S. Department of Justice

Federal Bureau of Prisons

Program Statement

# Program Statement

OPI:       CPD/CSB

NUMBER:    5270.09

DATE:      July 8, 2011

EFFECTIVE DATE:   August 1, 2011

## Inmate Discipline Program

/s/

*Approved:* Thomas R. Kane

Acting Director, Federal Bureau of Prisons

proj

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**1. PURPOSE AND SCOPE**

541.1 Purpose.

This subpart describes the Federal Bureau of Prisons (Bureau) inmate discipline program. This program helps ensure the safety, security, and orderly operation of correctional facilities, and the protection of the public, by allowing Bureau staff to impose sanctions on inmates who commit prohibited acts. Sanctions will not be imposed in a capricious or retaliatory manner. The Bureaus inmate discipline program is authorized by 18 U.S.C. 4042(a)(3).

proj

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT- "M"

## Appendix C.  INMATE RIGHTS AND RESPONSIBILITIES

**RIGHTS**

**RESPONSIBILITIES**

1. You have the right to expect that you will be treated in a respectful, impartial, and fair manner by all staff.

1. You are responsible for treating inmates and staff in the same manner.

2. You have the right to be informed of the rules, procedures, and schedules concerning the operation of the institution.

2. You have the responsibility to know and abide by them.

3. You have the right to freedom of religious affiliation and voluntary regard.

3. You have the responsibility to recognize and respect the rights of others in this worship.

4. You have the right to health care, which includes nutritious meals, proper bedding and clothing, and a laundry schedule for cleanliness of the same, an opportunity to shower regularly, proper ventilation for warmth and fresh air, a regular exercise period, toilet articles, and medical and dental treatment.

4. It is your responsibility not to waste food, to follow the laundry and shower schedule, maintain neat and clean living quarters, to keep your area free of contraband, and to seek medical and dental care as you may need it.

5. You have the opportunity to visit and correspond with family members and friends, and correspond with members of the news media, in accordance with Bureau rules and institution guidelines.

5. It is your responsibility to conduct yourself properly during visits. You will not engage in inappropriate conduct during visits to include sexual acts and introduction of contraband, and not to violate the law or Bureau guidelines through your correspondence.

6. You have the right to unrestricted and confidential access to the courts by correspondence (on matters such as the legality of your conviction, civil matters, pending criminal cases, and conditions of your imprisonment.)

6. You have the responsibility to present honestly and fairly your petitions, questions, and problems to the court.

7. You have the right to legal counsel from an attorney of your choice by interviews and correspondence.

7. It is your responsibility to use the services of an attorney honestly and fairly.

8. You have the right to participate in the use of law library reference materials to assist you in resolving legal problems. You also have the right to receive help when it is available through

8. It is your responsibility to use these resources in keeping with the procedures and schedule prescribed and to respect the rights of other inmates to the use of the

proj

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

a legal assistance program.   materials and assistance.

9.  You have the right to a wide     9.  It is your responsibility
range of reading materials      to seek and use such
for educational purposes        materials for your personal
and for your own enjoyment. These   benefit, without depriving
materials may include magazines     others of their equal rights
and newspapers sent from the    to the use of this material.
community, with certain restrictions.

10.  You have the right to participate     10.  You have the responsibility to
in educational, vocational training,    take advantage of activities
counseling, and employment programs      which will aid you to live a
as resources permit, and in keeping      successful and law-abiding
with your interests, needs, and     life within the institution
abilities.          and in the community.  You will be expected to abide by the regulations
governing the participation in such activities.

11.  You have the right to use your     11.  You have the responsibility to
funds for commissary and other      meet your financial and legal
purchases, consistent with institution      obligations, including, but
security and good order, for     not limited to, DHO and court-
opening bank and/or savings accounts,      imposed assessments, fines,
and for assisting your family, in     and restitution. You also have
accordance with Bureau rules.      the responsibility to make use of
your funds in a manner consistent with
your release plans, your family needs,

proj



and for other obligations that you may have.

proj



© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

OPI:        OGC/ELE
NUMBER:     3420.11
DATE:       12/6/2013
SUBJECT:    Standards of Employee Conduct



U.S. Department of Justice

Federal Bureau of Prisons

# Program Statement

OPI:     OGC/ELE

NUMBER:  3420.11

DATE:    12/6/2013

SUBJECT:    Standards of Employee Conduct

/s/

*Approved:* Charles E. Samuels, Jr.

Director, Federal Bureau of Prisons

1.  PURPOSE AND SCOPE

To provide policies and procedures, referred to as the "Standards of Conduct," to complement those issued by the Office of Government Ethics on:

Employee conduct and responsibility.

Ethics in matters involving conflicts of interest.

Post-employment restrictions.

Procurement integrity issues.

Attorney ethics.

Outside employment.

These standards apply to all employees of the Bureau of Prisons (Bureau), including employees of the Public Health Service and the National Institute of Corrections, and to any person detailed to any of those agencies under the Intergovernmental Personnel Act.

Such employees are subject to certain standards and prohibitions - some statutory, some regulatory, and some a matter of good ethical principles that are essential to the efficiency of the organization.

Contractors and volunteers working in Bureau facilities also are expected to conduct themselves by these standards, where applicable.

While issuances from the Office of Government Ethics and the Department of Justice address the basic standards and prohibitions applicable to Bureau employees, this Program Statement more specifically addresses situations that especially apply to Bureau employment. It cannot, however, attempt to detail every incident that could violate the Standards of Conduct.

a.  Summary of Changes

*Directive Rescinded*

P3420.09  Standards of Employee Conduct (2/05/99)

Changes in this issuance include:

Specifying illegal drugs prohibited under Section 5, Personal Conduct.

Eliminating the moving traffic violations reporting requirement under Section 7, Illegal Activities.

Greater changes include those found under the Introduction of Contraband, Government Property, and Outside Employment sections.

b.  Program Objectives.  The expected results of this program are:

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*EXHIBIT-*

## PART III  PRISONS AND PRISONERS

CHAPTER 301    General Provisions
CHAPTER 303    Bureau of Prisons
CHAPTER 305    Commitment and Transfer
CHAPTER 306    Transfer to or from Foreign Countries
CHAPTER 307    Employment
CHAPTER 309    Good Time Allowances [Repealed]
CHAPTER 311    Parole [Repealed]
CHAPTER 313    Offenders with Mental Disease or Defect
CHAPTER 314    Narcotic Addicts [Repealed]
CHAPTER 315    Discharge and Release Payments
CHAPTER 317    Institutions for Women
CHAPTER 319    National Institute of Corrections

§ 4001.    Limitation on detention; control of prisons

(a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

(b) (1) The control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws, the Classification Act, as amended and the applicable regulations.

(2) The Attorney General may establish and conduct industries, farms, and other activities and classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation.

(June 25, 1948, ch 645, § 1, 62 Stat. 847; Sept. 25, 1971, P. L. 92-128, § 1(a), (b), 85 Stat. 347 .)

## CHAPTER 303  BUREAU OF PRISONS

§ 4041.    Bureau of Prisons; director and employees
§ 4042.    Duties of Bureau of Prisons
§ 4043.    Acceptance of gifts and bequests to the Commissary Funds, Federal Prisons
§ 4044.    Donations on behalf of the Bureau of Prisons
§ 4045.    Authority to conduct autopsies
§ 4046.    Shock incarceration program
§ 4047.    Prison impact assessments
§ 4048.    Fees for health care services for prisoners
§ 4049.    Officers and employees of the Bureau of Prisons authorized to carry oleoresin capsicum spray

§ 4041.    Bureau of Prisons; director and employees

The Bureau of Prisons shall be in charge of a director appointed by and serving directly under the Attorney General. The Attorney General may appoint such additional officers and employees as he deems necessary.

(June 25, 1948, ch 645, § 1, 62 Stat. 849; Nov. 2, 2002, P. L. 107-273, Div A, Title III, § 302(1), 116 Stat. 1781 .)

USCS
© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EXHIBIT- N

§ 4042.     Duties of Bureau of Prisons

(a) In general.   The Bureau of Prisons, under the direction of the Attorney General, shall--

(1) have charge of the management and regulation of all Federal penal and correctional institutions;

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;

(4) provide technical assistance to State, tribal, and local governments in the improvement of their correctional systems;

(5) provide notice of release of prisoners in accordance with subsections (b) and (c);

[(6)](D) establish prerelease planning procedures that help prisoners--

(i) apply for Federal and State benefits upon release (including Social Security Cards, Social Security benefits, and veterans' benefits); and

(ii) secure such identification and benefits prior to release, subject to any limitations in law; and

[(7)](E) establish reentry planning procedures that include providing Federal prisoners with information in the following areas:

(i) Health and nutrition.

(ii) Employment.

(iii) Literacy and education.

(iv) Personal finance and consumer skills.

(v) Community resources.

(vi) Personal growth and development.

(vii) Release requirements and procedures.

(b) Notice of release of prisoners.

(1) At least 5 days prior to the date on which a prisoner described in paragraph (3) is to be released on supervised release, or, in the case of a prisoner on supervised release, at least 5 days prior to the date on which the prisoner changes residence to a new jurisdiction, written notice of the release or change of residence shall be provided to the chief law enforcement officers of each State, tribal, and local jurisdiction in which the prisoner will reside. Notice prior to release shall be provided by the Director of the Bureau of Prisons. Notice concerning a change of residence following release shall be provided by the probation officer responsible for the supervision of the released prisoner, or in a manner specified by the Director of the Administrative Office of the United States Courts. The notice requirements under this subsection do not apply in relation to a prisoner being protected under chapter 224 [18 USCS

§§ 3521 et seq.].

(2) A notice under paragraph (1) shall disclose--

(A) the prisoner's name;

(B) the prisoner's criminal history, including a description of the offense of which the prisoner was convicted; and

(C) any restrictions on conduct or other conditions to the release of the prisoner that are imposed by law, the sentencing court, or the Bureau of Prisons or any other Federal agency.

(3) A prisoner is described in this paragraph if the prisoner was convicted of--

(A) a drug trafficking crime, as that term is defined in section 924(c)(2) [18 USCS § 924(c)(2)]; or

(B) a crime of violence (as defined in section 924(c)(3) [18 USCS § 924(c)(3)]).

(c) Notice of sex offender release.

(1) In the case of a person described in paragraph (3), or any other person in a category specified by the Attorney General, who is released from prison or sentenced to probation, notice shall be provided to--

(A) the chief law enforcement officer of each State, tribal, and local jurisdiction in which the person will reside; and

(B) a State, tribal, or local agency responsible for the receipt or maintenance of sex offender registration information in the State, tribal, or local jurisdiction in which the person will reside.

The notice requirements under this subsection do not apply in relation to a person being protected under chapter 2 [18 USCS §§ 3521 et seq.].

(2) Notice provided under paragraph (1) shall include the information described in subsection (b)(2), the place where the person will reside, and the information that the person shall register as required by the Sex Offender Registration and Notification Act. For a person who is released from the custody of the Bureau of Prisons whose expected place of residence following release is known to the Bureau of Prisons, notice shall be provided at least 5 days prior to release by the Director of the Bureau of Prisons. For a person who is sentenced to probation, notice shall be provided promptly by the Director of the Administrative Office of the United States Courts. Notice concerning a subsequent change of residence by a person described in paragraph (3) during any period of probation, supervised release, or parole shall also be provided to the agencies and officers specified in paragraph (1) by the probation officer responsible for the supervision of the person, or in a manner specified by the Director of the Administrative Office of the United States Courts.

(3) The Director of the Bureau of Prisons shall inform a person who is released from prison and required to register under the Sex Offender Registration and Notification Act of the

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

requirements of that Act as they apply to that person and the same information shall be provided to a person sentenced to probation by the probation officer responsible for supervision of that person.

(4) [Repealed]

(5) The United States and its agencies, officers, and employees shall be immune from liability based on good faith conduct in carrying out this subsection and subsection (b).

(d) Application of section.   This section shall not apply to military or naval correctional institutions or the persons confined therein.

(June 25, 1948, ch 645, § 1, 62 Stat. 849; July 1, 1968, P. L. 90-371, 82 Stat. 280; Sept. 13, 1994, P. L. 103-322, Title II, Subtitle D, § 20417, 108 Stat. 1834; Nov. 26, 1997, P. L. 105-119, Title I, § 115(a)(8)(A), 111 Stat. 2464; July 27, 2006, P. L. 109-248, Title I, Subtitle B, § 141(f)-(h), 120 Stat. 603; April 9, 2008, P. L. 110-199, Title II, Subtitle C, Ch. 1, § 231(d)(1), 122 Stat. 685; July 29, 2010, P. L. 111-211, Title II, Subtitle F, § 261(a), 124 Stat. 2299 .)

CHAPTER 305. COMMITMENT AND TRANSFER

§ 4081.     Classification and treatment of prisoners.

§ 4082.     Commitment to Attorney General; residential treatment centers; extension of limits of confinement; work furlough

§ 4083.     Penitentiary imprisonment; consent

[§§ 4084, 4085.     Repealed]

§ 4086.     Temporary safe-keeping of federal offenders by marshals

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



EXHIBIT-

4

```
   CAAIK  540*23  *            SENTENCE MONITORING        *   12-07-2017
PAGE 001          *            COMPUTATION DATA           *   10:22:30
                               AS OF 12-07-2017
```

REGNO..: 00886-093 NAME: DRAKE, JOSEPH F

```
                                    DATE OF BIRTH: 08-15-1971  AGE:  46
FBI NO...........: 725449RA4
ARS1.............: CAA/A-DES          QUARTERS.....: B03-126U
UNIT.............: B2 UNIT            NOTIFICATIONS: NO
DETAINERS........: NO
```

HOME DETENTION ELIGIBILITY DATE: 03-14-2022

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-14-2022 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

```
COURT OF JURISDICTION...........: GUAM
DOCKET NUMBER...................: CR-05-00050
JUDGE...........................: MOLLOY
DATE SENTENCED/PROBATION IMPOSED: 01-20-2006
DATE COMMITTED..................: 02-27-2006
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
                                                $00.00        $00.00
                                 $00.00
NON-COMMITTED.: $400.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $244.40
```

-----------------------CURRENT OBLIGATION NO: 010 --------------------------

```
OFFENSE CODE....: 540
OFF/CHG: 18:1951(A) HOBBS ACT ROBBERY CONSPIRACY. CT 1 / 18:1951(A)&2
         HOBBS ACT ROBBERY. CT 2 / 18:922(G)(1) & 924(A)(2) FELON IN
         POSSESSION OF A FIREARM. CT 4.
```

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  151 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 CLASS OF OFFENSE...............: CLASS C FELONY
 DATE OF OFFENSE................: 09-14-2003
```

G0002      MORE PAGES TO FOLLOW . . .

EXHIBIT-"O"

```
      CAAIK  540*23 *            SENTENCE MONITORING         *     12-07-2017
      PAGE 002       *            COMPUTATION DATA            *     10:22:30
                                 AS OF 12-07-2017
```

REGNO..: 00886-093 NAME: DRAKE, JOSEPH F


  REMARKS.......: 11-06-14 UPDT DGCT 42D & FFT 42D #2645954 L/CMT

------------------------CURRENT OBLIGATION NO: 020 --------------------------
OFFENSE CODE....: 130
OFF/CHG: 18:924(C)(1)(A)(II) AND 2; USING AND CARRYING A FIREARM DURING
         A CRIME OF VIOLENCE. CT 3.

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  84 MONTHS
  TERM OF SUPERVISION............:   5 YEARS
  CLASS OF OFFENSE...............: CLASS A FELONY
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CONSECUTIVE
  DATE OF OFFENSE................: 09-14-2003

------------------------CURRENT COMPUTATION NO: 030 --------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-23-2016 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-13-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010, 030 020

DATE COMPUTATION BEGAN..........: 01-20-2006
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  235 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   19 YEARS      7 MONTHS
AGGREGATED TERM OF SUPERVISION..:    5 YEARS
EARLIEST DATE OF OFFENSE........: 09-14-2003

JAIL CREDIT.....................:  FROM DATE    THRU DATE
                                   09-14-2003   01-19-2006


G0002      MORE PAGES TO FOLLOW . . .
```

```
CAAIK  540*23  *              SENTENCE MONITORING              *     12-09-2021
PAGE 003 OF 003  *             COMPUTATION DATA                *     10:22:30
                               AS OF 12-07-2017


REGNO..: 00886-093 NAME: DRAKE, JOSEPH F


TOTAL PRIOR CREDIT TIME.........: 859
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 211
TOTAL GCT EARNED................: 1
STATUTORY RELEASE DATE PROJECTED: 09-14-2022
EXPIRATION FULL TERM DATE.......: 04-13-2023
TIME SERVED.....................:       14 YEARS      2 MONTHS      26 DAYS
PERCENTAGE OF FULL TERM SERVED..: 72.6

PROJECTED SATISFACTION DATE.....: 09-14-2022
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 12-23-16 DGCT/FFT L/CLR




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

FBOP/USP CANAAN
AND
FBOP/USP TUCSON

Health Services - In Medical Records Regarding Treatment
Chronical- (Hepitites-"C") Treatment
Documents/ Refn! Pins Onxintop Noon Jacconic INTM I

EXHIBIT - P

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FRANKLIN FEJERAN DRAKE,
           Plaintiff,                      CIVIL CASE NO.:

           Vs.

UNITED STATES OF AMERICA,
           Defendant,

DECLARATION AND AFFIDAVIT BY
JOSEPH FRANKLIN FEJERAN DRAKE
IN SUPPORT OF PLAINTIFF CIVIL ACTION COMPLAINT
PURSUANT TO FEDERAL TORT CLAIMS ACT

1.      I, JOSEPH FRANKLIN FEJERAN DRAKE, I AM the Plaintiff HEREIN,
AND I AM 18 YEARS OF AGE. I DEPOSE AND state that the following WRITTEN
STATEMENTS, facts, AND documentary MATERIAL EVIDENCE, ARE All true AND
correct under the PENALTY of PERJURY AND not ment to MISLEAD PURSUANT
PURSUANT to (28 U.S.C.§1746 AND 18 U.S.C.§1641 AND 18 U.S.C.§1001, AS follows:

2.      I, Joseph F.F. DRAKE, I AM the Plaintiff in this CIVIL CASE; I
MAKE this WRITTEN "DECLARATION/AND AFFIDAVIT" in SUPPORT of my CIVIL
ACTION COMPLAINT under FEDERAL Tort claim act (F.T.C.A.) (28 U.S.C.§ 1346(b)
AND § 2671 seq.et.) for PERSONAL INJURIES AND DAMAGES.

3.      I, Plaintiff is currently incarcerated at USP TUCSON, state
of ARIZONA, serving A SENTENCE of 235 months followed by (5) YEARS
TERM (FEDERAL) SUPERVISE RELEASE, imposed by U.S. District Court of
GUAM (CRIM. CASE NO.: CR-05-00050) for the following CRIMINAL CHARGES:
18 U.S.C.§1951(a) AND (b); 18 U.S.C.§ 922 (g), 18 U.S.C.§ 924 (c); AND Plaintiff G.C.T.
RELEASE date of (4/17/22) AND F.T.C. SENTENCE EXPIRATION date of
(4/13/23) SEE Exhibit __O__.

4.   ON 2/19/2019, PLAINTIFF SUBMITTED AN INSTITUTIONAL
ADMINISTRATIVE (FTCA) (SF-95 FORM) FOR PERSONAL INJURY AND RECEIVED AND
FILED BY NORTHEAST REGIONAL (NER) OFFICE (2/25/19) AND ASSIGNED AN
ADMINISTRATIVE REMEDY TORT CLAIM NO.: TRT-NER-2019-02817. PLAINTIFF
ADMIN. REMEDY TORT CLAIM (NER) OFFICE; DENIED ON (8/23/19), AND PLAINTIFF
FILED A WRITTEN REQUEST FOR RECONSIDERATION ON (3/2/20); WHICH WAS ALSO
DENIED ON (3/13/20); AND PLAINTIFF ADMIN. REMEDY TORT CLAIM HAS BEEN
EXHAUSTED PURSUANT TO (42 USC § 1997 e (a)) "EXECUTIVELY" AND "JUDICIALLY"
AS REQUIRED BY LAW (28 USC § 2401(b).). SEE; EXHIBITS A , B , C , B

5.      PLAINTIFF IS SUBMITTING / FILES THIS F.T.C.A. COMPLAINT IN THIS
HONORABLE COURT - (U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA)
AND SEEKS COMPENSATION FOR DAMAGES REGARDING PERSONAL INJURIES -
(PHYSICAL; MENTAL; AND EMOTIONAL DISTRESS) RECEIVED --- PLAINTIFF A VICTIM
OF AN ASSAULT --- AND THE U.S. IS THE (EMPLOYER) AND LIABLE UNDER THE [CIVIL
ACTION COMPLAINT] F.T.C.A FOR HARM DONE / CAUSED BY THE NEGLIGENCE OR
WRONGFUL ACT OR OMISSION; BY ITS FEDERAL EMPLOYEE(S) - [U.S. DOJ / FBOP]
WHILE ACTING WITHIN THE SCOPE OF HIS OR HER EMPLOYMENT; AND THROUGH
"ADVANCE KNOWLEDGE" AND INTENTIONALLY IGNORING ILM - [KEOLOHA] AND
PETITIONER EMERGENCY REQUEST AND THEIR SAFETY AND SECURITY AND WELL
BEING; BY FAILING TO ACT BY TAKING REMEDIAL MEASURES AND ADEQUATE
PRECAUTION TO RESPONSE TO SAID ILM - [KEOLOHA] EMERGENCY SITUATION / MATTER
OF IMPORTANCE THAT. ILM - [KEOLOHA] WAS HAVING INSTITUTIONAL CELL ISSUES /
PROBLEMS REGARDING "PRISON" ILM's POLITICS OF INTERRACIAL MIX BY PRISON
ADMINISTRATION PLACING DIFFERENT RACE OF ILM'S IN THE SAME CELL TO LIVE
TOGETHER; WHICH PRISON ADMINISTRATION ARE AWARE AND HAVE FULL
KNOWLEDGE WILL CREATE A POTENTIAL PROBLEM AND DANGER TO THE INSTITUTIONAL
SECURITY AND THE SAFETY OF ILM's AND STAFF ALIKE OF BEING HARMED..

6.      THE U.S. AND ITS EMPLOYEES FOR - (U.S. DOJ / FBOP); UPON THEIR
EMPLOYMENT HAS A ETHICAL " STANDARD OF EMPLOYEE(S) CONDUCT" - MANDATE -
(FBOP) (P5.) 3420.11 AND APPLIES TO ALL (U.S. GOV.) (F.B.O.P.) U.S. EMPLOYEE(S)
OF THE BUREAU AND WILL CONFORM TO PROCUREMENT INTEGRITY AND REGULATION(S)
AND WILL UP-HOLD THE ETHICAL RULES GOVERNING THEIR PROFESSION AND THE
(U.S.) BUREAU EMPLOYEES WHO FAIL TO ABIDE TO THE ETHICAL RULES GOVERNING
THEIR PROFESSION --- RECEIVE AND SIGN FOR UPDATED VERSIONS OF THIS (P5.)
WHEN ISSUED. THE FORM ACKNOWLEDGEMENT OF RECEIPT OF STANDARDS OF
EMPLOYEE CONDUCT (BP-A0168) IS FILED ON THE LEFT SIDE OF THE OFFICIAL PERSONNEL FOLDER ---
SEE; EXHIBIT  L

And the (u.s.) and its employee(s) for the bureau- (u.s. DOJ/FBOP) who fails to abide to the ethical rules mandate at (FBOP) (PS.) 3420.11-(standard of employee conduct), breach: the breaking or violating of a law: right, obligation, engagement, or duty, either by commission or omission of a legal or moral duty.. More particularly: the neglect or failure to fulfill in a just and proper manner the duties, pursuant to 18 usc § 4042, creates a duty of care owed by the (u.s.) and its employee(s) for the bureau- (u.s. DOJ/FBOP) to those (person(s)/prisoner(s)) in (FBOP) custody is affixed by 18 usc § 4042(2)(2) that requires the (u.s.) and its employees to exercise ordinary diligence to keep person(s)/prisoner(s) safe and free from harm. Exhibit: __L__, __N__

7. Likewise, the state of Pennsylvania Tort Law requires that when a party/plaintiff is in custody, the (u.s.) and its employee(s) for the (u.s. DOJ/FBOP) has the duty to exercise reasonable care to preserve the life, health and safety of the person(s)/prisoner(s)/plaintiff in custody.

8. In this civil complaint action is brought under F.T.C.A. against the (u.s.) for "Personal Injury"- (physical, mental and emotional distress) harm caused/done by the "Negligence" or "wrongful act or omission by its (federal) employee(s) while acting within the scope (u.s. DOJ/FBOP) of his or her employment.. see, Exhibit __B__, __N__, __L__

9. The u.s. is liable under the FTCA for harm done/caused by a federal employee(s) while acting within the scope of his or her employment. (28 usc § 2679(b)(i)). which plaintiff in aident personal injury being a victim of an assault occurred on 4/16/18 at about 7:00am. Note: Plaintiff in this instant case is a innocent by standard and not the person/prisoner with institutional problems, but only trying to assist a fellow Ilw-(Islander Homeboy) to resolve cell problem which we sought from institution bureau staffs/employee(s) (USP Canaan) and no avail...

10. Plaintiff sworn written statement (declaration/or affidavit) submittes the following: the administrative tort claim (ATC)-(SF-95 Form), Ilw (ATC) received, consider, and adjudicate by (NER), Ilw (ATC)

denial disposition be (NER)i I/m (ATC) reconsideration on (NER) denial disposition; I/m request to staff (IRTS) forms addressed to-(S.I.S. Ms. Brandt and Mr. Graeber) and (Mr. Fisher- case-manager) and (I/m Fordrick Kealoha#91693-1022) and (I/m Joseph F.F. Drake #00 886-073), FBOP/USP Canaan Health Services Dept. I/m-(Joseph F.F. Drake) medical Records Injury assessment reports; FBOP/USP Canaan/ and USP Tucson-(Psycology Dept.) I/m Mental and Emotional distress Evaluation/ Intervention Report; I/m personal property record/ Admission form-(BP-A383.058) USP Tucson; Acknowledgement of I/m Part 1,2,3,4 form-(BP-A407.058) USP Tucson; Institutional Admission and Orientation program checklist form-(BP-S518.052) USP Tucson; I/m (Joseph F.F. Drake) Sworn written statement (declaration/or affidavit) regarding (FTCA) civil complaint; 18 U.S.C. § 4042, FBOP (P.S.) 3420.11-(standard of employee conduct); I/m Sentence monitoring computation DATA; FBOP (P.S.) 5270.09-(I/m discipline program)... See, Exhibits - A through P

11.     All stated above are material documentary evidence exhibits A through P are attached in support of (Joseph F.F. Drake) civil action complaint pursuant to FTCA...

     I, (Joseph Franklin Fejeran Drake); swore and declare under the Penalty of Penjury pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1641, 1642 and 1001, that the above written stated facts in this (declaration/ or affidavit) are true and correct to the best of my knowledge...

Respectfully submitted on this ___12___ day of ___June___ 2020...

Joseph F.F. Drake # 00 886-023
USP Tucson
P.O. Box 24550
Tucson, AZ. 85734-USA

# CERTIFICATE OF SERVICE

I ___Joseph F. F. Drake___, do hereby certify under penalty of perjury (28 U.S.C. § 1746) that I have served a true and correct copy of the following documents:

"CIVIL ACTION PURSUANT TO FEDERAL TORT CLAIMS ACT"
WHITH ADDED EXHIBITS - A through P
AND
DECLARATION AND Affidavit B3-(Joseph F.F. DRAKE)
in support of (FTCA),

which, pursuant to Houston v. Lack, 487 U.S. 266 (1988), is deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to this litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first class postage affixed and I addressed it to:

CLERK OF Court
UNITED STATES District Court
Middle District of PENNSYlvANiA
285 NORTh WASHington AVE.
(P.o. Box 1148)
SCRANTON, PA. 18501-1148

And deposited said envelope via hand delivery to the Mail Room staff at the United States Penitentiary Tucson | on this 12 day of JUNE, 2020.

Respectfully submitted,

Name : Joseph F. F. Drake
Reg. No.  #00886=093
USP-TUCON
P.O. Box 24550, D1 Unit
Tucson, Az 85734-USA

14.



"Legal Mail"

4/13/20

Office of The Clerk
United States District Court
Middle District of Pennsylvania
William J. Nealon Federal Bldg. and U.S. Court House
235 North Washington Avenue
P.O. Box 1148
Scranton, PA. 18501-1148

REC'D
FILED
SCRANTON
JUN 1 6 2020
Per _____ DEPUTY CLERK

Joseph F. F. Drake
#08886-093
United State Penitentiary Tucson
P.O. Box 24550
Tucson, Az. 85734-6000

7016 3090 0000 4944 7906

CERTIFIED MAIL

"Legal Mail"